INHABITANTS OF BUCKSPORT *vs.* THEODORE C. WOODMAN *et al.* administrators.

Hancock.   Decided October 9, 1877.

*Tax.   Words—Debts due.* ˎ

An award by the committee of arbitration on the Alabama claims does not constitute a debt due to be taxed, under the provisions of R. S., c. 6, § 5, until an appropriation is made by congress for the payment of the award.

ON REPORT.

DEBT under the statute to recover a tax.

*O. P. Cunningham,* for the plaintiffs.

*T. C. Woodman,* for the defendants.

VIRGIN, J.   This is an action of debt, brought under the statute of 1874, c. 232, to recover a tax.   The sum sought to be recovered was assessed April 1, 1876, upon a certain amount awarded by the Court of Commissioners of Alabama Claims to the defendants, as administrators of the estate of Enoch Barnard, deceased, for the destruction of two ships, in each of which the defendants' intestate was part owner.

All personal property, within or without this state,—with certain exceptions not material to the decision of this case—is assessed to the owner in the town where he is an inhabitant on the first day of April in each year.   R. S., c. 6, § 13.   This provision fixes the liability of persons and property to municipal taxation for the municipal year.   A subsequent change of residence or ownership the law takes no note of until the regular periodical time of making a new assessment.   *Harman* v. *New Marlborough,* 9 Cush. 525.   All the conditions regulating municipal taxation are to be considered as they exist on that day, and the liability determined accordingly ; and the assessments for the year by relation take that date regardless of the particular time when actually made and completed.

Personal property for the purposes of taxation, includes " debts due the persons to be taxed," etc.   R. S., c. 6, § 5.

The plaintiffs contend that the amount of the award was a

" debt due " the defendants within the meaning of the statute, and therefore taxable. But considering the nature of the award by the " Tribunal of Arbitration "—that it was a gross sum by one government to another simply— together with the contingency as to amount to be received by the defendants until after April 1, 1876, and the fact that no specific appropriation was made by congress for the payment of the judgment until April 11, 1876, we come reluctantly to the conclusion that the award was not taxable for the municipal year of 1876.

See 18 statute, 1st sess. 43 Cong. (1874) c. 459, §§ 11, 14 and 15. Laws 1st sess. 44 Cong. (1876) c. 9. *Ibid*, c. 55. See, also, *Lowell* v. *Street Com'rs.*, 106 Mass. 540.

*Plaintiffs nonsuit.*

APPLETON, C. J., DICKERSON, DANFORTH, PETERS and LIBBEY, JJ., concurred.