**CITY OF WATERVILLE,**

v.

**COLBY COLLEGE, et al.**

Supreme Judicial Court of Maine.
Argued May 2, 1986.
Decided July 23, 1986.
As Modified on Denial of Reconsideration
Aug. 26, 1986.

Drummond, Woodsum, Plimpton & MacMahon, P.A., Hugh G.E. MacMahon (orally), Portland, for Colby College.

A.V. Federle (orally), City Sol., Waterville, for plaintiff.

Jed Davis (orally), Augusta, for Alpha Rho Zeta.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

SCOLNIK, Justice.

Interpleader defendant, Colby College, appeals from an order of the Superior Court (Kennebec County) granting summary judgment in favor of the interpleader defendants, Alpha Rho Zeta of Lambda Chi Alpha, Incorporated, and five other named fraternity corporations.[1] The court held that as between the College and the fraternities, the latter are entitled to the remaining refund of real estate taxes assessed by the interpleading plaintiff, City of Waterville, on the eight separate buildings located on the college campus that were occupied by the fraternities. The fraternities have cross-appealed the court's denial of

1. The other five fraternity corporations are Colby Delta Upsilon Alumni Corporation, Colby Phi Corporation, Tau Delta Phi Fraternity, XI Chapter of Kappa Delta Rho Fraternity, and Zeta Psi Chi Realty Association. The two other fraternities, DKE Corporation of the Delta Kappa Epsilon Fraternity and Gamma Alpha Alumni Association Incorporated, of the Alpha Tau Omega Fraternity, were dismissed as parties pursuant to a stipulation that the taxes attributable to the two buildings that housed the two fraternities were to be deposited in those fraternities' operating accounts.

their counter-claim against the City pertaining to the calculation of interest on the collected tax funds. We vacate the judgment.

In 1981 and 1982, the City of Waterville for the first time assessed a real estate tax on the eight separate buildings that housed the individual fraternities on the Colby College campus. The 1981 tax bills were directed jointly to the College and the fraternities. The 1982 taxes were assessed only against the College. The College paid the 1981 taxes and charged the amount paid to the fraternities' individual operating accounts maintained by the College pursuant to the agreements between the College and the fraternities regarding the operation of the fraternities on the campus.

Following the payment of the 1981 taxes, the fraternities applied for an abatement of the tax assessed contending that pursuant to 36 M.R.S.A. § 652(1)(B) (1978 & Supp. 1982–1983), the fraternity buildings were exempt as "[t]he real estate ... owned and occupied or used solely for their own purposes by literary and scientific institutions." After the City denied the abatement, the fraternities commenced an action in Superior Court seeking a declaration that the assessment was illegal. The Superior Court denied relief and an appeal was taken to this court. *See Alpha Rho Zeta of Lambda Chi Alpha, Inc. v. City of Waterville,* 477 A.2d 1131 (Me.1984). Between the time of oral argument and the issuance of that opinion, several events occurred. In February, 1984, after the City had recorded tax liens on the buildings and issued notices of foreclosure, the College paid the 1982 taxes, charging the amount paid to the individual operating accounts of the fraternities. In May, 1984, the College withdrew recognition from all fraternities on campus and took possession of the fraternity houses. These buildings are presently being used as student dormitories.

On May 25, 1984, we held that the buildings were tax exempt under section 652(1)(B) because the College owned the houses and used them for the College's own purposes as a literary and scientific institution notwithstanding their occupancy by the fraternities. The mandate in that opinion stated:

Remanded for entry of judgment in favor of the plaintiff-fraternities against the defendant to the effect that the plaintiff-fraternities are entitled to the tax exemptions they seek. Further proceedings to be had consistent with the opinion herein.

*Alpha Rho Zeta of Lambda Chi Alpha, Inc. v. City of Waterville,* 477 A.2d at 1141.

Following the entry of judgment in the Superior Court, the fraternities and the College contacted the City asserting their entitlement to the refund of the taxes paid. In response the City interpled the College and the fraternities pursuant to Rule 22 of the Maine Rules of Civil Procedure and deposited in Superior Court the sum of $81,404.00, representing the amount of the 1981 and 1982 real estate taxes paid by the College including charges and interest.[2] On October 8, 1985, the Superior Court denied the College's request for the refund and ordered its payment to the fraternities. The presiding justice reasoned that since it failed to participate in the administrative, trial court or appellate proceedings from which the Law Court's mandate issued, the College had waived its right to claim the refund. The court also denied the fraternities' request that the interest on the refund be calculated from the date the taxes were paid. This appeal followed.

■ The fraternities argue that they are entitled to the refund because they alone litigated the tax exemption issue. We disagree. Our decision in *Alpha Rho Zeta* determined only the issue of the tax exempt status of the buildings that housed

2. The City paid prejudgment interest on the 1981 and 1982 taxes at a rate of 8% per year from the date on which the 1981 taxes would have had to have been paid to avoid foreclosure.

the fraternities. The entirely separate issue of who is entitled to the tax refund was neither presented nor decided in that case. Furthermore, the College's non-participation in the abatement proceedings does not constitute a "waiver" of its right to pursue its claim for the refund. Accordingly, the College is not precluded from asserting its right to the refund in this interpleader action.

 To determine who is entitled to the tax refund, we must examine the entire relationship of the parties. As we stated in *Alpha Rho Zeta*, 477 A.2d at 1137–38, under the agreements between the parties, the College handles the finances for all the fraternities. Each fraternity has a separate account. Room rents collected by the College from students who resided in the buildings formerly occupied by the fraternities were credited to those accounts and for expenses incurred by the College in the operation of the buildings, such as, insurance, water, electricity, heat, maintenance and improvements, debit entries were made. Expenditures from the operating accounts that were requested by the fraternities could only be made with the College's approval. Any balance of funds in the accounts were to be held by the College and used for such fraternity or College purposes as determined by the respective fraternity. Although the fraternities no longer have active chapters at the College, the operating accounts, some with positive balances, others with negative balances, still exist. When the College paid the 1981 and 1982 taxes, the payments were charged to the operating accounts.

In light of the relationship between the College and the fraternities, the only disposition of the tax refund that is both equitable and consistent with the agreements is for the tax refunds to be returned to the College to be credited to the fraternity operating accounts. By such a disposition of the refund, the status quo is restored and neither the College nor the fraternities are unjustly enriched. This result is further consistent with the agreements between the College and the fraternities that require that the funds from the operating accounts be held by the College and be spent by the fraternities only with College approval.

Accordingly, we conclude that the Superior Court erred in ordering that the tax refunds be paid to the fraternities.[3]

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of judgment in favor of Colby College, directing payment of the tax refund to the College, to be credited to the fraternities' operating accounts.

All concurring.

---

3. We do not address the issue whether interest was due on the tax refund since neither the City nor the College raised it in Superior Court. *See* *Graybar Elec. Co. v. Sawyer*, 485 A.2d 1384, 1388 (Me.1985).