## TOWN OF VIENNA

v.

**Kenneth J. KOKERNAK et al.**

Supreme Judicial Court of Maine.

Argued March 17, 1992.

Decided Aug. 28, 1992.

Stephen E.F. Langsdorf (orally), Michael J. Gentile, Preti, Flaherty, Beliveau & Pachios, Augusta, for plaintiff.

Geoffrey H. Hole (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Kenneth J. Kokernak and other property owners in the Town of Vienna appeal from a judgment of the Superior Court (Kennebec County, *Chandler, J.*) vacating the decision of the Kennebec County Commissioners that granted property tax abatements to the taxpayers. On appeal the taxpayers contend that the court erred by: (1) applying the incorrect standard of review; (2) finding that the property was not substantially overvalued; and (3) finding that there was no unjust discrimination. The Town argues that the county commissioners lost jurisdiction of the case and that it was denied due process at the commissioners' hearing. We conclude that substantial evidence in the record as a whole supports the county commissioners' tax abatement. Accordingly, we vacate the judgment of the Superior Court.

The 37 taxpayers all own property on the shores of Flying Pond in the Town of Vienna. For the tax years 1980 through 1988 their properties were assessed at $40 per front foot. For the 1989 tax year the taxpayers' properties were revalued at $330 per front foot and assessed at 80%, for an assessed value of $265 per front foot up to 200 feet.

When their request for an abatement was denied, the taxpayers filed a petition for tax abatement with the county commissioners, claiming that their properties were substantially overvalued and that there was unjust discrimination. *See* 36 M.R.S.A. §§ 841, 844 (1990 & Supp.1991). Following a June 1990 hearing, the commissioners granted the taxpayers an abatement of $165 per front foot. Despite the Town's request, no findings of fact or conclusions of law were issued by the commissioners. The Town then sought judicial review in the Superior Court pursuant to 36 M.R.S.A. § 844. The court reinstated the

$265 per front foot assessment and the taxpayers' appeal followed.

## I.

In order to successfully appeal the property tax assessment of a municipality, the taxpayer has the burden of proving that one of three situations exists:

(1) The judgment of the assessors was irrational or so unreasonable in light of the circumstances that the property is substantially overvalued and an injustice results;

(2) There was unjust discrimination; or

(3) The assessment was fraudulent, dishonest, or illegal.

*See Moser v. Town of Phippsburg*, 553 A.2d 1249 (Me.1989); *Shawmut Inn v. Town of Kennebunkport*, 428 A.2d 384, 393 (Me.1981); *Delta Chemicals, Inc. v. Town of Searsport*, 438 A.2d 483 (Me. 1981). Because the Superior Court acts in an appellate capacity, we review directly the commissioners' decision for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record. *See Moser*, 553 A.2d at 1249. Application of the substantial evidence standard of review requires the reviewing court to "search the entire record ... to determine whether on the basis of all the testimony and exhibits before the agency it could fairly and reasonably find the facts as it did." *Winship v. Brewer School Comm.*, 390 A.2d 1089, 1093 (Me.1978) (quoting *In re Maine Clean Fuels, Inc.*, 310 A.2d 736, 741 (Me.1973)). That the record contains evidence inconsistent with the result, or that inconsistent conclusions could be drawn from the evidence, does not render the commissioners' findings invalid if a reasonable mind might accept the relevant evidence as adequate to support the commissioners' conclusion. *See In re Maine Clean Fuels, Inc.*, 310 A.2d at 741.

The taxpayers correctly contend that the Superior Court applied the wrong standard of review to the facts on the issue of overvaluation. Discussing the issue of overvaluation, the court stated:

If the opinion and judgment of the assessors is so irrational and unreasonable in the light of the circumstances that the property is substantially overvalued and an injustice results, relief will be forthcoming. *Kittery [Elec. Light Co. v. Assessors of Town,* 219 A.2d 728] at 734 [ (Me.1966) ]. After reviewing the transcript of the hearing and the record compiled thus far, the court cannot say that the methods employed by the assessors to value the property and the result arrived at satisfy this standard for reversal.

. . . .

... It is the opinion of the court that the judgment of the assessors cannot be said to be so irrational and unreasonable in the light of the circumstances that the property is substantially overvalued and that injustice has resulted.

Relying on *Kittery Elec. Light Co. v. Assessors of Town,* 219 A.2d 728 (Me.1966), the court applied an erroneous standard of review by treating the commissioners as an appellate panel and reviewing directly the action of the assessors. In *Kittery* the taxpayer appealed the tax assessor's denial of an abatement directly to the Superior Court pursuant to the statute then in effect. *See* 36 M.R.S.A. § 845, *repealed by* P.L.1977, ch. 694, § 694 (effective July 1, 1978). Thus the court in *Kittery* reviewed directly the actions of the tax assessors. *See also Frank v. Assessors of Skowhegan,* 329 A.2d 167, 171 (Me.1974); *Sears, Roebuck & Co. v. Inhabitants of Presque Isle,* 150 Me. 181, 189, 107 A.2d 475, 479 (1954). The statute now provides that an appeal from the tax assessors *must* be taken to the county commissioners or a board of assessment review before going to the Superior Court. *See* 36 M.R.S.A. § 844. In the instant case, because the court served only as an appellate tribunal, it should have reviewed the commissioners' decision directly. On the taxpayers' further appeal, we also review the commissioners' decision.

1. 36 M.R.S.A. § 844 provides in pertinent part: [On appeal from the decision of the assessors] [i]f the [county] commissioners think

## II.

The taxpayers argue that there was substantial evidence in the record that their properties were overvalued. The taxpayers presented evidence to the commissioners regarding the sale prices of three shorefront properties in Vienna for the years 1987 and 1988 that placed the value of shorefront property at approximately $180 per front foot. The taxpayers also presented evidence of the State Bureau of Taxation sales ratio calculations for the Town of Vienna which reflected that a property's average assessed value is 53% of its market value.

We have previously recognized that section 844, governing tax assessment appeals to the county commissioners, requires that the commissioners give no deference to the decision of the tax assessors.[1] *See Dodge v. Town of Norridgewock,* 577 A.2d 346, 347 (Me.1990). Relying on the Bureau of Taxation ratio, the commissioners concluded that property in Vienna is taxed at 53% of market value, and that shorefront property, based on recent sales, is worth $180 per front foot and should be assessed at 53% of market value, or approximately $100 per front foot. The commissioners therefore concluded that the shorefront property assessment should be reduced from $265 to $100 per front foot, and that decision is supported by substantial evidence in the record. The commissioners are not required to accept the Town's somewhat confusing explanation of their own appraisal.

## III.

The Town contends that it is entitled to judgment as a matter of law because the county commissioners failed to decide the taxpayers' appeal in a timely manner. The statute governing tax abatement appeals provides in pertinent part:

If the county commissioners fail to give written notice of their decision within 60 days of the date the application is filed,

that the applicant is over-assessed, the applicant shall be granted such reasonable abatement as the commissioners think proper.

unless the applicant agrees in writing to further delay, the application shall be deemed denied and the applicant may appeal to the Superior Court as if there had been a written denial. . . .

36 M.R.S.A. § 844(1). Because none of the applicants agreed in writing to an extension of the 60–day limit, the Town contends that the applications were denied as a matter of law and the county commissioners lost jurisdiction to render a decision. The Town moved for summary judgment on this ground and, after a hearing, the court denied the Town's motion.

 Although it did not cross-appeal, the Town may raise an alternative ground for affirming the judgment. *See Marxsen v. Board of Directors, Maine School Admin. Dist. No. 5,* 591 A.2d 867, 872 (Me. 1991). Because the commissioners did not render their decision until after the 60 days had expired, that decision was rendered in violation of section 844. The purpose of the statute, however, is to protect a taxpayer from the commissioners' failure to act. The statute gives the taxpayer the right to proceed to another forum if the county commissioners do not make a decision within the requisite period of time. In this case the taxpayers implicitly agreed to a delay in the commissioners' decision.

### IV.

The Town also contends that it was denied due process of law guaranteed by the United States Constitution because it was not permitted to cross-examine witnesses at the hearing before the county commissioners. In the administrative arena, due process requirements are flexible and entail no specified form or procedure. *See Fichter v. Board of Envtl. Protection,* 604 A.2d 433, 437 (Me.1992). In the instant case the procedure that was used allowed both parties to present their positions. In addition, although not permitted to cross-examine witnesses, the Town was given the opportunity to address questions to the witnesses through the county commissioners. It is unnecessary to import into the county commissioners' hearing all those safe-guards of a court proceeding in order to meet the requirements of due process.

The entry is:

Judgment vacated.

Remanded to the Superior Court with direction to enter a judgment affirming the decision of the county commissioners.

All concurring.