## AMERICAN MARTIAL ARTS FOUNDATION

v.

## CITY OF PORTLAND et al.

Supreme Judicial Court of Maine.

Argued Nov. 5, 1993.

Decided Dec. 28, 1993.

Peter W. Evans (orally), Portland, for plaintiff.

Charles A. Lane (orally), Portland, for defendants.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

American Martial Arts Foundation, through its president, Mark S. Hider, appeals from a judgment of the Superior Court (Cumberland County, *Mills, J.*) affirming the dismissal by the Board of Assessment Review of the City of Portland of the Foundation's request for abatement of real estate taxes on its property pursuant to 36 M.R.S.A. § 652(1)(B) (1990). Because the evidence submitted with the assessor's motion to dismiss does not preclude the establishment by the Foundation of its tax-exempt status, we vacate the judgment and direct the Superior Court to remand to the board for a hearing on the merits.

In November 1989, Hider, acting in his individual capacity, conveyed the property in question to the Foundation. The deed reflected that the property had once been co-owned by his former wife. In August 1990 the assessor denied Hider's request for a property tax exemption for the Foundation. In November of the same year, Hider, acting as the Foundation's agent, conveyed the property to his former wife for no consideration. The conveyance was described on the real estate transfer tax declaration as a "family transfer."

On behalf of the Foundation, Hider sought exemption from real estate taxes that had been assessed against it on April 1, 1990, for the 1990 tax year. *See* 36 M.R.S.A. § 502 (1990).[1] The assessor instead filed a motion to dismiss Hider's request. The board granted the assessor's motion, agreeing, as did the court, that the November "family transfer" precluded the Foundation from establishing its tax-exempt status as of the previous April. Hider filed a complaint for judicial review of the board's action pursuant to M.R.Civ.P. 80C. Ultimately, the parties resolved by stipulation all but the two principal issues raised by the Foundation.

■ First, the Foundation contends that the board erred in determining that in order to qualify for tax-exempt status pursuant to section 652(1)(B), property must be both (1) owned by the charitable institution and (2) either occupied by or used solely for the institution's purposes.[2] The Foundation insists that the exemption statute must be read to require either (1) the institution's ownership and occupation or (2) sole use, regardless of ownership. The Foundation is mistaken. The dual requirements of ownership coupled with either occupation or sole use were set forth clearly in *Alpha Rho Zeta v. City of Waterville*, 477 A.2d 1131, 1136 (Me. 1984). *See also City of Waterville v. Colby College*, 512 A.2d 1039, 1040 (Me.1986).

■ The Foundation also contends that the board erred in its view of the evidence. We agree. Despite indications to the contrary, it is clear that the board was acting on the assessor's motion to dismiss without considering the merits of the Foundation's claim. The record does not support the board's conclusion that the Foundation could not carry its burden of proving that as of April 1, 1990, the property was used solely for its own purposes. The Foundation was not given the opportunity to present its own evidence. To conclude, as the board did, that evidence of the later transaction precludes the Foundation from establishing its tax-exempt status seven months earlier is to put the cart before the horse. The real estate transfer tax declaration is merely one piece of evidence. *See Town of Vienna v. Kokernak*, 612 A.2d 870, 872 (Me.1992).

The entry is:

Judgment vacated.

---

1. The statute provides in pertinent part that "[a]ll real estate ... is subject to taxation on the first day of each April as provided; and the status of all taxpayers and of such taxable property shall be fixed as of that date." *See also Inhabitants of Bucksport v. Woodman*, 68 Me. 33 (1877) ("A subsequent change of residence or ownership the law takes no note of until the regular periodical time of making a new assessment.... All the conditions regulating municipal taxation are to be considered as they exist on that day.").

2. The statute reads in pertinent part: "The following property of institutions and organizations is exempt from taxation: The real estate and personal property owned and occupied or used solely for their own purposes by literary and scientific institutions." 36 M.R.S.A. § 652(1)(B) (1990).

**964**

Remanded to the Superior Court with direction to remand the case to the Board of Assessment Review of the City of Portland for a hearing on the merits.

All concurring.