STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-004

P/\~ ~ 'y0R - 9/9 0002

INTERNATIONAL WOOLEN
COMPANY, INC.,

Petitioner

v.                                                    ORDER

DONALD L. GARBRECHT
LAW LIBRARY

SEP 12 2002

TOWN OF SANFORD,

Respondent

This is an appeal, pursuant to 36 M.R.S.A. §271(7), from a decision of the State Board of Property Tax Review to dismiss an appeal by the plaintiff regarding its property taxes on its industrial facility in Sanford. The parties do not dispute that all but one time limit in the multi-step property tax appeal process has been met.

Once taxes have been committed the assessors may, on written application filed within 185 days from commitment, abate a portion of the taxes. In this case plaintiff made a written timely request to the assessor. If the taxpayer is not satisfied with the decision of the assessor, further review for non-residential property valued at $1,000,000 or more, such as in this case, is available initially before the Sanford Board of Assessment Review, then by the State Board of Property Tax Review and then by the Superior and finally Supreme Judicial Courts. 36 M.R.S.A. §§842 and 843. Each stage in the appellate process has deadlines for each appeal.

The issues before the State Board and now before the Superior Court involve what happens when the assessor does not make a decision on the abatement request. The key statute is 36 M.R.S.A. §842 which states:

"The assessors or municipal officers shall give to any person applying to them for an abatement of taxes notice in writing of their decision upon the application within 10 days after they take final action thereon. The notice of decision must state that the applicant has 60 days from the date the notice is received to appeal the decision. It must also identify the board or agency designated by law to hear the appeal. If the assessors or municipal officers, before whom an application in writing for the abatement of a tax is pending, fail to give written notice of their decision within 60 days from the date of filing of the application, the application is deemed to have been denied, and the applicant may appeal as provided in sections 843 and 844, unless the applicant has in writing consented to further delay. Denial in this manner is final action for the purposes of notification under this section but failure to send notice of decision does not affect the applicant's right of appeal. This section does not apply to applications for abatement made under section 841, subsection 2."

It is not disputed by the parties that the assessor failed to give written notice of his decision within 60 days from the date of filing of the application. It is also not disputed that the plaintiff did not "in writing consent to further delay". In the case of *Town of Vienna v. Kokernak*, 612 A.2d 870, 874 (Me. 1992) the Law Court, in a slightly different context, stated, without much background or commentary, that in addition to cases of written consent the deadline would be extended if the "taxpayers implicitly agreed to a delay."

The State Board in the current case decided by a 3-2 vote that the taxpayer had not implicitly agreed to a delay and that since the appeal to the town board was untimely the appeal to the State Board was as well. That factual finding is sufficiently supported by the evidence and cannot be overturned. Likewise, while the State Board could have been more precise, the State Board did not misinterpret *Kokernak* to require an actual bi-lateral agreement where the assessor and the taxpayer both agree by word of mouth to extend the deadline. The State Board correctly focused on the taxpayer. Did a representative of the plaintiff implicitly agree, consent or acquiesce in a delay? The focus must be solely on the taxpayer as the taxpayer, by implicitly consenting to a delay, is passing up an opportunity to

2

promptly appeal the next Board. It is a right that the taxpayer is not immediately exercising and it is not necessary or appropriate for the municipality to have any say in that decision.

While the State Board could have reached a different conclusion, its decision is supported by the facts and is not erroneous as a matter of law.

The entry is:

> Decision of the State Board of Property Tax Review of December 11, 2001 is affirmed.

Dated:     September 9, 2002

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:
JOHN C BANNON ESQ
JOHN B SHUMADINE ESQ
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND ME   04104-5085

DEFENDANT
WILLIAM H DALE ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME   04112