STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-60
SKS - KEN - 9/23/2004

MARGOT FREEMAN
FAMILY TRUST,

      Petitioner

v.

BOARD OF ENVIRONMENTAL
PROTECTION,

      Respondent

**DECISION ON APPEAL**

CRIMINAL
L

NOV 5 2004

This matter comes before the court on appeal pursuant to M.R. Civ. P. 80C from a decision of the Board of Environmental Protection (BEP) upholding a decision by the Department of Environmental Protection (DEP) of an application by the Margot Freeman Family Trust (the Trust) to construct a 137-foot long pier in a coastal salt marsh wetland on the Back River in Georgetown, Maine. The Trust, which owns a 41-acre parcel in Georgetown, sought to construct the pier which would be four-feet wide for 100-feet and six feet wide for the last 30 feet, elevated six-feet above the marsh, and connected seasonally to a 24' x 4' ramp accessing a 10' x 16' floating dock. The pier would be used to access the water of Back River for recreational boating.

### Procedural Background

In order to get permission to build the proposed pier, the petitioner submitted an application to the DEP for a permit under the Natural Resources Protection Act (NRPA) (38 M.R.S.A. §§ 480-A – 480-Z). The DEP gathered other agency comments and issued a decision denying the permit. This denial was based on criteria from the NRPA and section 401 of the Federal Water Pollution Control Act, finding that the "proposed activity would unreasonably harm significant wildlife habitat and aquatic habitats."

The Trust then appealed this decision to the BEP and included a request for a public hearing. The petitioner challenged the DEP findings that the project would have a significant impact on wildlife habitat and be unreasonably harmful to the marsh, and he questioned the finding that the alternative access via deeded right-of-way would have less impact.

The BEP determined that there was no need for a public hearing on this matter and, upon review, upheld the DEP's decision. The Trust then filed the present appeal.

### Discussion

The standard of review on an appeal pursuant to Rule 80C is quite strict. The court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Servs.*, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Bd. Of Examiners of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551, 555. In reviewing the decisions of an administrative agency, the court should "not attempt to second-guess the agency on matters falling within its realm of expertise and the court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Supt. of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not whether the court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *CWCO, Inc. v. Supt. of Ins.*, 1997 ME 226, 703 A.2d 1258.

Before addressing the merits of the agency decision, the procedural objections should be considered. Petitioner's argument regarding a public evidentiary hearing is essentially a due process argument. The petitioner concedes that a public hearing in

these circumstances is discretionary with the agency and the normal application procedure does not include a hearing, but argues that since the petitioner had a property right, this discretion is somehow removed from the agency. It has been noted that, "In the administrative area, due process requirements are flexible and entail no specified formal procedure." *Vienna v. Kokernak*, 612 A.2d 870, 874. The department regulations provide that the public hearings are discretionary and will be held essentially "in those circumstances where the department determines there is credible conflicting technical information regarding a licensing criterion and it is likely that a public hearing will assist the decision maker in understanding the evidence." CMR 06-096-002(&)(B). Here, the petitioner had more than adequate opportunity during the four-month process of evaluation by the department to submit whatever additional information it wanted the department to consider. The goal of due process is elementary fairness and the department's handling of the application was fair despite its exercise of its discretion in determining that a hearing was not needed. The court concludes that there was no due process violation.

The petitioner also challenges a decision by the BEP essentially not to enlarge the record before the DEP by including a subsequent letter. The relevant department rule would allow for supplementation of the record on appeal, but the party seeking the additional material must have shown "due diligence" in bringing it to the department's attention. The board had the discretion to receive or not receive this letter, and its decision in interpreting its own regulations is entitled to great deference. Therefore, the court finds no error of law in rejecting the additional material.

Turning to the merits, the Trust's primary argument is that there was sufficient evidence of record to support the agency's finding that the property involved with the proposed pier construction included "significant wildlife habitat" specifically "high

value coastal waterfowl and wading bird habitat." The majority of the evidence in this regard comes from the DEP's own permit review report and comments and reports from other state agencies. The fact that these were agency reports may be considered by the DEP for purposes of determining what evidentiary weight to give them, but assuming that the department accepted those opinions, there was certainly sufficient evidence to support the finding of a significant wildlife habitat.

The Trust spent considerable time in its brief suggesting that the department gave undue weight to a designation on maps developed by the Department of Inland Fisheries and Wildlife, but a review of the department's decision dated April 8, 2003, makes very little, if any, reference to such mapping. The department was clear in its decision that it found the opinions of the Inland Fisheries and Wildlife concerning the value of the habitat and its use by waterfowl and potential cumulative impacts to be more credible than those of the petitioner. The court finds there was sufficient evidence of record to support the findings.

Finally, the petitioner challenges the department's conclusion that less harmful alternatives to the project exists by stating that this conclusion is unsupported by substantial evidence in the record. This argument misplaces the burden of proof. The relevant regulation requires the applicant to provide "[a] report that analyzes whether a less environmentally damaging practicable alternative to the proposed alteration, which meets the project purpose, exists." CMR 06-096-3110(9)(A)(1). There is no requirement in the regulation for the agency to produce a report or an alternative report or to meet a burden of proof in this regard. The evidence of record supports the department's finding that the applicant failed to demonstrate that there is no less damaging alternative to 130 feet of permanent pier spanning the salt marsh.

For the reasons stated, the entry will be:

Appeal DENIED and action REMANDED.

Dated: September 23 , 2004

S. Kirk Studstrup
Justice, Superior Court

Date Filed __10/6/03__ __Kennebec__ Docket No. __AP03-60__
County

Action __Petition for Review__
80C

J. STUDSTRUP

__Margot Freeman Family Trust__ vs. __Board of Environmental Protection__

Plaintiff's Attorney

Marcia Cleveland, Esq.
Bowdoin Mill, Suite 204
One Main Street
Topsham, Maine 04086

Defendant's Attorney

Margaret McCloskey, AAG
6 State House Station
Augusta, Maine 04333-0006

| Date of Entry | |
|---|---|
| 10/6/03 | Petition for Review of Agency Action Pursuant to Rule 80C, filed. s/ Cleveland, Esq.<br>Certificate of Service, filed. s/Cleveland, Esq. |
| 11/5/03 | Certification of Record, filed. s/Gallagher,Comm.<br>Index to Record, filed. s/McCloskey, AAG |
| 11/7/03 | Briefing schedule mailed to attys of record. |
| 12/17/03 | Motion for Leave to Amend and for Extension of Time to File a Brief, s/Cleveland, Esq.<br>Amended Petition for Review of Agency Action Pursuant to Rule 80C, filed s/Cleveland, Esq.<br>Certificate of Service, filed. s/Cleveland, Esq. |
| 12/23/03 | MOTION FOR LEAVE TO AMEND, Studstrup, J.<br>Motion granted and continued for 40 days from the date of this order.<br>Copies mailed to attys of record. |
| 12/29/03 | Response to Petitioner's Motion for Leave to Amend and for Extension of Time to File Brief, filed. s/McCloskey, AAG |
| 1/12/04 | Second Motion to Amend Briefing Schedule with Proposed Order, filed.<br>s/C. Goodall, Esq. (No Objection) |
| 1/15/04 | MOTION TO AMEND BRIEFING SCHEDULE, Studstrup, J. (dated 1/13/04)<br>Plaintiff's shall file Plaintiff's Brief and the Administrative Record in 77 days from the date of the issuance of the original Scheduling Order, which will be January 16, 2004.<br>Copies mailed to attys of record. |
| 2/5/04 | Petitioner's Brief, filed. s/Cleveland, Esq. |
| 3/9/04 | Letter, filed. s/Cleveland, Esq.<br>Motion for Extension of Time to Reply to the Government's Brief, filed.<br>s/Cleveland, Esq.<br>Certificate of Service, filed. s/Cleveland, Esq. |