STATE OF MAINE

SAGADAHOC, ss.

INHABITANTS OF THE
TOWN OF WEST BATH,

Plaintiff

v.

JAMES WILLIAMS and
ELIZABETH WILLIAMS,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-007
JRA - SAG -12/7/2004

DECISION AND ORDER

This matter is before the court on the defendants' motion to dismiss this Rule 80B appeal. The motion contends that the plaintiff Town of West Bath ("town" or "West Bath") failed to appeal in a timely way an adverse decision in the parties' tax abatement case.

As is usual in matters concerning the timeliness of an appeal, the procedural history of the case and the law which governs an appeal need to be reviewed and applied to its particular circumstances.

As to the procedural history, there appears to be no dispute, so it may be here repeated as follows:[1]

The defendants, James and Elizabeth Williams ("Williamses") filed an application to abate their 2003 real property taxes with West Bath's assessors which request was denied on November 24, 2003. They then filed a timely appeal with the Sagadahoc County Commissioners ("Commissioners") on January 7, 2004. The commissioners asked for a postponement of the hearing on the appeal for several

---

[1] Both parties make representations as to the procedural history in this case without any contradictions either in their memoranda or at oral argument.

months and the Williamses assented in writing to this request. After viewing the property on April 21, 2004 the commissioners conducted a hearing on the appeal on April 28, 2004.

Present at the hearing were the three commissioners, the Williamses, two of West Bath's selectmen, the town's administrator and its assessing agent.

At the conclusion of the hearing, the commissioners voted unanimously to grant the appeal for tax years 2001, 2002 and 2003. According to the plaintiff, the commissioners' decision, although dated April 28, 2004, was not distributed until July 15, 2004, and not received by the town until July 19, 2004.

The pending appeal to this court was filed on August 16, 2004. In it, the town challenges only the commissioners' authority to abate the Williamses' taxes for 2001 and 2002.

The motion to dismiss claims that the appeal was filed too late in that the commissioners denied the appeal on April 28, 2004, but the appeal to this court was filed 106 days later which is well beyond the 30-day time period for Rule 80B appeals as prescribed by the governing statute, 36 M.R.S.A. § 844(1). That statute provides for an appeal to the Superior Court from a county commissioners' property tax decision as follows:

. . . .

> Either party may appeal from the decision of the county commissioners to the Superior Court, in accordance with the Maine Rules of Civil Procedure, Rule 80B. If the county commissioners fail to give written notice of their decision within 60 days of the date the application is filed, unless the applicant agrees in writing to further delay, the application is deemed denied and the applicant may appeal to the Superior Court as if there had been a written denial.

In turn, Rule 80B(b) provides that, "(t)he time within which review may be sought shall be as provided by statute, except that if no time limit is specified by statute,

the complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought . . ."

From these provisions, the defendant's argue that the town had actual notice of the commissioners' decision on April 28, 2004, so that it had to appeal within 30 days of that date as the statute and rule, as read together, would provide.

The town disputes the Williamses' interpretation of section 844 and argues first that section 844 requires the commissioners to issue a "notice of decision" as that phrase is referenced in subsection 3 of that section. Subsection 3 reads: "An appeal to the county commissioners is subject to the provisions for notice of decision in section 842."

The town then invites the court to review section 842 which they read as requiring the commissioners to issue ". . . notice in writing of their decision upon the application within 10 days after they have taken final action thereon." Plaintiff's Memorandum, p. 3 (citing 36 M.R.S.A. § 842). Thus, the town says, the commissioners were required to give notice of their decision in writing. Accordingly, based on this line of reasoning, the appeal period prescribed by section 844 would then begin on July 19, 2004, the day the town got the notice in writing. If this is correct, an appeal filed on August 16, 2004, would be timely. Further, the town says, if section 844(1) were not interpreted as requiring a written notice of the commissioners' decision, then the provision in this subsection expanding the appeal period to 60 days when no written notice is produced would be meaningless.

In the court's opinion, the statutory interpretation offered by the defendants in this dispute is the correct one. Section 844(1) advises parties to a county commissioners' property tax appeal case that if they wish to appeal "the decision" there they must do so in accordance with M.R. Civ. P. 80B. As noted, that rule unambiguously establishes a

30-day appeal "after *notice* of any action . . . in which review is sought." (Emphasis supplied).

Neither the statute nor the rule cited requires that the decision or the notice be in writing. Moreover, the provision relied on by the plaintiff, 36 M.R.S.A. § 844(3), for the proposition that "a notice of decision" be produced by the commissioners which is consistent with the provisions of section 842 is simply incorrect. Section 844(3) is concerned only with "[a]n appeal *to* the county commissioners . . ." and not an appeal from their action to this court. Indeed, in the court's view, the sole purposes of section 844(3) is to advise its reader that in order to appeal to the county commissioners, the town officials must have produced "notice in writing of their decision . . .," 36 M.R.S.A. § 842, and failing that notice, to prescribe when the appeal period begins to run. Surely if the legislature had wanted to impose a similar requirement on the commissioners, it could have done so.

With reference to the additional argument that the final sentence of section 844(1) requires a written notice of decision by the commissioners, it is apparent from the text of that sentence that that provision simply empowers a taxpayer to appeal directly here if the commissioners do not provide a written decision within 60 days of the appeal to them. According to the Law Court, the purpose of this language in section 844 is to protect a taxpayer from the commissioners' failure to act. *Town of Vienna v. Kokernak*, 612 A.2d 870, 874 (Me. 1992). A plain reading of this sentence, moreover, underscores the same understanding of its language as offered by the Law Court. That is, the failure of the commissioners to issue a written decision is deemed a *denial* of the taxpayer's appeal triggering his right to appeal here. Not only does the text not confer the same opportunity on the town, but, obviously, the town would have no incentive or interest in appealing a denial of an abatement request.

From this, it is plain that the sole purpose of the written notice reference in the last sentence of section 844(1) is to insure a taxpayer's right to appeal further when a written notice of decision is not issued. This provision does not require the commissioners to issue a written decision nor does it confer on the town an extended appeal period when the commissioners either fail to issue a written decision or delay the issuance of their decision in written form.

Instead, in the court's view, the statute simply requires the commissioners to make a decision, the appeal from which must be made in accordance with M.R. Civ. P. 80B. If they do not give written notice of that action to the taxpayer, he, and not the town, is given 60 days to appeal running from the date of the application for appeal unless the taxpayer agrees in writing to an enlargement. Otherwise, by the terms of section 844 and Rule 80B, the town is specifically restricted to the 30-day appeal period which runs from the date of the notice of a decision which need not be in writing.

In this case, the town did have actual notice of the adverse decision against it on April 28, 2004, and had 30 days from then to appeal. *See Caron v. City of Auburn*, 567 A.2d 66, 67 (Me. 1989). In had no reason to believe, based on the short procedural record provided, that the commissioners' decision would change or be any different than what was announced at the hearing on April 28. As such, there is no basis, and none has been asked for, to excuse the late appeal.

This result is not incongruous with a reading of the statute as it may be generally applied. Thus, in a somewhat different case, if the commissioners issued no written notice of its decision in a case in which the taxpayer prevailed, but the latter waited beyond 30 days for his reimbursement or to collect costs so that the town had no notice of the result of the appeal, the town would nevertheless not lose its appeal rights because, according to Rule 80B(b), it would have had no notice of the decision adverse

to it. Thus, as long as the town has notice of a commissioners' decision, in writing or not, it must appeal within 30 days of that event as 36 M.R.S.A § 844(1) and M.R. Civ. P. 80B, when read together, require. Accordingly, in the court's opinion, as here articulated, pursuant to 36 M.R.S.A. § 844(1) and M.R. Civ. P. 80B(b), West Bath, or a town in its position, must appeal from an adverse tax abatement decision of a board of county commissioners within 30 days of that decision. Because West Bath failed to do so, the pending motion must be granted and the appeal dismissed.

Based on the foregoing, the clerk is DIRECTED to make the following entry:

Motion to Dismiss is GRANTED, case is DISMISSED.

So ordered.

Dated: December___7___, 2004

John R. Atwood
Justice, Superior Court