STATE OF MAINE
YORK, ss.

SUPERIOR COURT
Civil Action
Docket No. AP-17-0010

WALTER D. MELEVSKY, III,

        Petitioner,

    v.

SECRETARY OF STATE,

        Respondent.

**ORDER GRANTING APPEAL**

Pursuant to 5 M.R.S. §§ 11001 *et seq.* and M.R. Civ. P. 80C, Petitioner Walter D. Melevsky, III, appeals from a decision of a Secretary of State Bureau of Motor Vehicles hearing officer denying his petition for review of a 275-day administrative suspension. The sole issue is whether the hearing officer erred in determining that Melevsky refused to submit to a blood test at the request of a law enforcement officer under 29-A M.R.S. § 2521.   Counsel have notified the clerk that the parties wish to submit the case on briefs and without oral argument.

The court reviews a hearing officer's decision for an abuse of discretion, an error of law, or a lack of substantial evidence in the record to support the hearing officer's findings. *Abrahamson v. Secretary of State,* 584 A.2d 668, 670 (Me. 1991).   Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support the resulting conclusion." *Lewiston Daily Sun v. Maine Unemployment Ins. Comm'n,* 1999 ME 90 ¶ 7, 733 A.2d 344, 346 (*citing Crocker v. Maine Unemployment Ins. Comm'n,* 450 A.2d 469, 471 (Me. 1982). If there is competent evidence in the record to support the hearing officer's findings, the court must accept it.

1

*See id.; Dodd v. Secretary of State,* 526 A.2d 583, 584 (Me. 1987); *Town of Vienna v. Kokerman,* 612 A.2d 870, 872 (Me. 1972).

The court accepts the factual findings of the hearing officer as based on competent evidence. Essentially, the hearing officer found and the record[1] supports the following facts:

- Maine State Trooper John Darcy stopped Melevsky's vehicle on November 12, 2016 because of a defective plate light.

- Trooper John Darcy detected an odor of alcohol and observed that Melevsky had bloodshot eyes and slurred speech. Melevsky told the trooper he was going to Sanford, but was driving in the opposite direction when stopped.

- Melevsky performed poorly on the field sobriety tests.

- Melevsky was arrested and taken to York County Jail.

- At the jail, as Trooper Darcy was explaining how the intoxilyzer worked, Melevsky said he was going to refuse the breath test. Trooper Darcy did not determine whether there would have been any issue preventing use of the intoxilyzer.

- Melevsky initially indicated a willingness to submit to a blood test.

- Trooper Darcy called a hospital in Sanford to confirm that a blood test was available.

- Before leaving the jail to go to the hospital, Trooper Darcy asked Melevsky to confirm that he was "actually going to submit to the test or not," and Melevsky said he "wasn't sure if he was going to refuse that when we got there or not." (Transcript, Tab 5, at 9).

---

[1] See generally Transcript of March 1, 2017 Administrative Hearing, Tab 5, pages 5 – 17.

- Trooper Darcy felt Melevsky "was just delaying and messing with me, so I told him I was going to put him down as a refusal. I read him the form, and he refused to sign the form as well." *Id.*

- Melevsky did not sign the refusal form.

- Trooper Darcy determined that Melevsky had refused.

Based on the foregoing evidence and testimony presented by Trooper Darcy at the March 1, 2017 administrative hearing, the hearing officer (*B. Tucker*) concluded as follows:

> *I think it's close*, but I do think it's a refusal . . . because of the sequence as testified, and the report of the officer is that Mr. Melevsky says he wants blood and the trooper is about to take him for the blood test and then he says he's not sure if he's going to take it. It's at that point that the trooper reads him the implied consent, and I think that's informing him of the consequences of his duty to take this test, and he did not indicate that he would then take the test after that.

(Transcript, Tab 5, at 15-16) (emphasis added).

While there is substantial, competent record evidence to support the hearing officer's factual findings, in the court's judgment the hearing officer's legal conclusion, which he himself felt was "close", is erroneous as a matter of law. In order to be deemed to have refused a chemical test, one "must affirmatively and actually refuse the test by word or conduct." *State v. Pineau*, 491 A.2d 1165, 1168 (Me. 1985); *State v. Adams*, 457 A.2d 416, 421 (Me. 1983).

Melevsky did not, "by word or conduct," affirmatively and actually refuse to submit to a blood test. He clearly did not verbally refuse; and, in light of his earlier equivocation and the fact that a test was not imminent, Melevsky's silence and inaction after being read the consequences for refusal does not constitute an objective manifestation of conduct amounting to a refusal. *Cf. State v. Boyd*, 2017 ME 36 ¶15

3

(record does not support finding of consent through mere acquiescence). Granted, the trooper's perception that Melevsky was "messing with him" appears to have been a reasonable one. While the court appreciates the trooper's frustration at that point, and his desire to avoid a potentially pointless trip to the hospital, his perception and his intentions do not convert Melevsky's silence and inaction into a refusal.

Accordingly, the court concludes that the hearing officer below erred as a matter of law in concluding that Melevsky had refused a chemical test under 29-A M.R.S § 2521, and it is hereby ordered as follows and the entry shall be:

Appeal GRANTED. March 1, 2017 decision of Secretary of State is REVERSED. Secretary of State shall reinstate appellant's driver's license with regard to this alleged offense.

SO ORDERED.

Dated: July 5, 2017

Wayne R. Douglas
Justice, Maine Superior Court

4

AP-17-0010
ATTORNEY FOR PLAINTIFF
PATRICK GORDON
FAIRFIELD & ASSOCIATES PA
10 STONEY BROOK LANE
LYMAN ME  04002

ATTORNEY FOR DEFENDANT:
DONALD W MACOMBER
ASSISTANT ATTORNEY GENERAL
6 STAT HOUSE STATION
AUGUSTA ME  04333