STATE OF MAINE
AROOSTOOK, SS.

SUPERIOR COURT
Caribou
Docket No. CARSC-AP-2022-002

CASSIDY HOLDINGS, LLC )
)
     Appellant, )
)
)
     v. )
)
AROOSTOOK COUNTY )
COMMISSIONERS, )
)
     Appellee )
and )
)
CITY OF CARIBOU, )
)
     Party-in-interest )
)

**DECISION AND ORDER**

This matter involves the appeal of the decision of the Aroostook County Commissioners dismissing the appeal of the abatement request of Cassidy Holdings, LLC, due to the Commissioners' determination that they lacked jurisdiction to consider the matter. The parties have stipulated to the following[1]:

"1. The property subject to this appeal is nonresidential property with an equalized municipal valuation of $1,000,000 or greater.

2. The Aroostook County Commissioners dismissed Cassidy Holdings, LLC's appeal for lack of jurisdiction finding that the State Board of Property Tax Review has the sole and exclusive jurisdiction over appeal involving nonresidential

---

[1] It is not disputed that the City of Caribou does not have a board of assessment review.

property with an equalized municipal valuation of $1,000,000 or greater pursuant to 36 M.R.S.A. §844(2) and §843."

The issue presented to the court is narrow: Do the Aroostook County Commissioners have concurrent jurisdiction with the State Board of Property Tax Review to consider an appeal related to an abatement request regarding nonresidential real estate situated in Caribou having an equalized municipal valuation of $1,000,000 or greater?

## DISCUSSION

Rule 80B provides for review of governmental action. *M.R. Civ. P. 80B.* Appeals to the Superior Court pursuant to Rule 80B must be provided by statute or otherwise. *Id at* 80B(a). Section 844 of Title 36 provides that "if the assessors or the municipal officers refuse to make the abatement asked for, the applicant may apply to the county commissioners" for relief. *36 M.R.S. §844(1).* "Either party may appeal from the decision of the county commissioners to the Superior Court, in accordance with the Maine Rules of Civil Procedure, Rule 80B." *Id.* Review is limited to the Record unless a motion for trial of facts is granted. *See M.R. Civ. P. 80B(d) and (f).* The court reviews the decision of the county commissioners for "an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *Vienna v. Kokernak,* 612 A.2d 870, 872 (Me. 1992).

When interpreting a statute, the court must "look first to the plain meaning in order to discern legislative intent, viewing the relevant provision in the context of the entire statutory scheme to generate a harmonious result." *State v. Beeler,* 2022 ME 47, P12, 281 A.3d 637, 645 (quoting, *State v. Tozier,* 2015 ME 57, ¶ 6, 115 A.3d 1240). By design, Section 844 addresses appeals of abatement requests to county commissioners where the

municipality or primary assessing area has not adopted a board of assessment review. Subsection 2 states:

> "Notwithstanding subsection 1, the applicant may appeal the decision of the assessors or the municipal officers on a request for abatement with respect to nonresidential property or properties having an equalized municipal valuation of $1,000,000 or greater, either separately or in the aggregate, to the State Board of Property Tax Review within 60 days after notice of the decision from which the appeal is taken or after the application is deemed to be denied. If the State Board of Property Tax Review determines that the applicant is over-assessed, it shall grant such reasonable abatement as it determines proper. For the purposes of this subsection, "nonresidential property" means property that is used primarily for commercial, industrial or business purposes, excluding unimproved land that is not associated with a commercial, industrial or business use."

*36 M.R.S. § 844(2).*

Notwithstanding means "despite." *https://www.merriam-webster.com/dictionary/notwithstanding; see also,* Black's Law Dictionary 823 (11th ed. 2019) (defining "notwithstanding" as "[d]espite" or "in spite of"). The use of the phrase "notwithstanding subsection 1" at the beginning of the subsection indicates that the legislature intended for an applicant for an abatement regarding nonresidential property of $1,000,000 or greater to have the option to apply to the county commissioners *or* appeal to the State Board of Property Tax Review. Otherwise, the legislature would have simply started that subsection with the phrase "with regard to nonresidential property or properties with an equalized municipal valuation of $1,000,000 or greater . . ." as in Section 843. *See, Ellen M. Leach Mem. Home v. City of Brewer,* 1998 ME 118, 711 A.2d 149 (Holding that the congregate care facility was nonresidential property [valued at $1,000,000 or greater] and, therefore, under Section 843 the state board had initial jurisdiction pursuant to §843(1-A)); See, *36 M.R.S. §844* (The 2011 legislative change did not alter this introductory phrase, it merely clarified "that only the applicant may appeal to the State Board of Property Tax Review the decision of the assessors or municipal

officers with respect to a request for abatement of property taxes on nonresidential property with a valuation of $ 1,000,000 or greater." *2011 Bill Text ME H.B. 1293)*.

"In general, the word 'may,' used in statutes, will be given ordinary meaning, unless it would manifestly defeat the object of the statute, and when used in a statute is permissive, discretionary, and not mandatory." *Fitzpatrick v. McCrary*, 2018 ME 48, P16, 182 A.3d 737, 742 (*quoting, Collins v. State*, 161 Me. 445, 449, 213 A.2d 835 (1965)). Although context can reflect that the word "may" is not intended to be permissive, in this instance the word "may" following "notwithstanding" reflects an intention that it carry the permissive meaning.

The court finds that the Commissioners committed an error of law by determining that they did not have jurisdiction over Appellant's abatement appeal. The appeal is GRANTED and the matter is hereby remanded to the Aroostook County Commissioners for a determination on the merits.

The Clerk is directed to enter this Decision and Order upon the civil docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated: __12/12/2022__

Maine Superior Court