**Dionesia VARGELIS**

v.

**Joseph MINIERI.**

Supreme Judicial Court of Maine.

Argued Jan. 5, 1993.

Decided Jan. 25, 1993.

John R. Kugler (orally), Wells, for plaintiff.

Mark A. Kearns (orally), Wells, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

Joseph Minieri appeals from a default judgment entered in the Superior Court (York County, *Fritzsche, J.*) in favor of the plaintiff Dionesia Vargelis on her complaint against Minieri for a breach of contract. Finding no merit in Minieri's contention that the trial court abused its discretion when it denied his motion for relief from the default, we affirm the judgment.[1]

Vargelis employed a Massachusetts sheriff for the service of process on Minieri at his Somerville, Massachusetts residence. The officer's return of service recited that on November 4, 1991 process was served at that residence on Ciara Maglia, who accepted the process for Minieri. Minieri failed to plead or otherwise defend the suit, and Vargelis successfully sought an entry of a default on January 7, 1992. Prior to a hearing on damages held pursuant to Vargelis' motion for the entry of a default judgment, Minieri filed a motion on March 25, 1992 for relief from the default on the ground of defective service. Minieri alleged by affidavit that, in contravention of M.R.Civ.P. 4(d)(1),[2] process had not been "served on a person of suitable discretion then residing at his place of abode." [3] After a hearing on May 19, 1992, the court found that Minieri failed to establish that the service was defective and denied the motion. Judgment was entered for Vargelis in the amount of $20,875, and Minieri appeals.

The court may set aside an entry of default for good cause shown. M.R.Civ.P. 55(c). The denial of a motion

1. Minieri also argues that because the court did not conduct an evidentiary hearing on his motion, its ruling was an abuse of discretion. However, Minieri never requested an evidentiary hearing, nor is one required by M.R.Civ.P. 55.

2. M.R.Civ.P. 4(d)(1) provides in pertinent part that substitute service of process may be made

"by leaving copies [of the process] at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein...."

3. Minieri did not challenge the facial validity of the return of service.

for relief from a default is reviewed for an abuse of discretion. *Cutillo v. Gerstel*, 477 A.2d 750, 752 (Me.1984). The return of service of process by an officer should be given "a presumption of regularity which may be overturned by positive evidence that the defendant was not in fact served." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.14 (2d ed. 1970). "[I]f the defendant received actual notice by the method of service used, the court should hesitate in finding the service insufficient for some technical noncompliance with Rule 4(d)(1)." *Id.* § 4.5. *See also* M.R.Civ.P. 1 (Rules "shall be construed to secure the just, speedy and inexpensive determination of every action.") Here, the record reflects that Minieri received actual possession of the summons and complaint. He does not contend that this notice did not meet the requirements for due process. Accordingly, on this record we find no error in the trial court's denial of Minieri's motion to set aside the entry of a default.

The entry is:

Judgment affirmed.

All concurring.