**Robert FOLEY, et al.**

v.

**Frank ADAM, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 4, 1994.
Decided March 10, 1994.

Francis Jackson (orally), Portland, for plaintiff.

Leland Chisholm (orally), Kelly, Remmel & Zimmerman, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Defendant Frank Adam appeals from a default judgment entered against him in the Superior Court (Cumberland County, *Brennan, J.*). He contends that the court erred in denying his motion for relief from the judgment brought pursuant to M.R.Civ.P. 60(b)(4), arguing that the judgment was void because the court lacked both personal and subject matter jurisdiction. Finding no error in the denial of the motion, we affirm

with respect to liability, but remand for a reduction of damages.

This case arises from an alcohol-related automobile accident that resulted in the death of one of the drivers. Robert Foley, as personal representative of that driver's estate, filed suit against a number of defendants, including Adam, who owned the building in which alcohol was allegedly negligently provided to the other driver. The return of service reflected that Adam was personally served with a notice of the suit in South Portland on March 16, 1987, but he did not file an answer within the required 20 days, *see* M.R.Civ.P. 12(a), and Foley obtained a default against him. After a hearing on damages in February 1990, the court entered a default judgment in the amount of $750,000 against Adam and two other defendants.

After the judgment had become final, Adam filed a motion for relief from the judgment pursuant to M.R.Civ.P. 60(b)(6), later amended to include M.R.Civ.P. 60(b)(4). As grounds therefor, he argued that ·(1) the court lacked personal jurisdiction in that he never received service of process, and (2) the complaint did not allege facts that would support liability. The court rejected his arguments, expressly finding that Adam received service of the summons and complaint.

We review the denial of a motion for relief from a default judgment for an abuse of discretion and will vacate the judgment only if the denial works a plain and unmistakable injustice against the defendant. *Brouillard v. Allen,* 619 A.2d 988, 990 (Me. 1993). As the moving party, Adam bore the burden of producing competent evidence to support his motion. *New Maine Nat'l Bank v. Nemon,* 588 A.2d 1191, 1193 (Me.1991). We will reverse factual findings adverse to the party with the burden of proof only if the record compels a contrary conclusion. *Butler v. Hardy,* 576 A.2d 202, 204 (Me.1990).

Pursuant to M.R.Civ.P. 60(b)(4), the court has the power to relieve a party from a void judgment. If the judgment is void, "there is no room ... for the court to exercise discretion"—the judgment must be set aside. *Warren v. Waterville Urban Renewal Auth.,* 290 A.2d 362, 365 (Me.1972). A judgment is considered void if, *inter alia,* the court

lacked personal or subject matter jurisdiction. *Land Use Regulation Comm'n v. Tuck,* 490 A.2d 649, 652 (Me.1985).

Adam first contends that the judgment was void for want of personal jurisdiction, claiming that he was not served with a notice of the lawsuit. The return of service of process by an officer is accorded " 'a presumption of regularity,' " however, which may be overcome by " 'positive evidence that the defendant was not in fact served.' " *Vargelis v. Minieri,* 620 A.2d 275, 276 (Me.1993) (quoting 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.14 (2d ed. 1970)). Adam asserts in his affidavit that he was living in Florida in March 1987, but admits to lacking documentation of his whereabouts on the date of the alleged service. The deputy who filed the return of service submitted an affidavit in which he stated that he knew Adam, and therefore would not mistakenly have given the paper to someone else, and denied ever falsely certifying that he served Adam. Foley also produced evidence of real estate transfers from Adam to a corporation in May 1987 and from Adam to his wife in September 1987 to suggest that Adam was aware of the lawsuit. In these circumstances, Adam has failed to establish that the record compels the conclusion that he was not served with a copy of the complaint and the summons.

Adam also contends that the judgment was void for lack of subject matter jurisdiction in that the complaint did not, and could not, allege facts sufficient to state a cause of action. He confuses lack of subject matter jurisdiction with the failure to state a claim. Claimed deficiencies in pleading or proof "do[ ] not deprive the court of jurisdiction." *Pederson v. Cole,* 501 A.2d 23, 25 n. 2 (Me.1985). Adam's reliance on *Downing v. O'Brien,* 325 A.2d 526 (Me.1974), is misplaced because in that case we dealt with the jurisdiction of the clerk to enter a default judgment. In addition, the failure of the complaint to state a claim is a defense that cannot be raised after trial, *see* M.R.Civ.P. 12(h)(2), and thus is not a ground for relief from judgment.

Although the court properly denied his motion, we conclude that Adam is entitled to a reduction of the judgment. Foley entered into a settlement agreement with several of the other defendants, and pursuant to 14 M.R.S.A. § 163 (1980),[1] the judgment against Adam must be reduced by the amount of that settlement. *See Mockus v. Melanson,* 615 A.2d 245, 248 (Me.1992) (set-off to a default judgment required by section 163, not merely available on request). We therefore affirm the court's decision with respect to liability, but remand with direction to reduce the judgment to reflect the settlement reached by Foley with the other defendants. *See id.* (M.R.Civ.P. 60(a) authorizes the court to correct its failure to apply section 163).

The entry is:

Judgment affirmed with respect to liability and vacated with respect to damages.

Remanded with direction to reduce the judgment by the amount of the settlement between Robert Foley and the settling defendants.

All concurring.

---

1. Section 163 provides that in cases involving joint tortfeasors,

    the trial judge shall inquire of the attorneys for the parties whether such a settlement or release has occurred. If such settlement or release has occurred, the trial judge shall reduce the verdict by an amount equal to the settlement with or the consideration for the release of the other persons.