STATE OF MAINE                                      SUPERIOR COURT
                                                     CIVIL ACTION
YORK, ss.                                        DOCKET NO. RE-99-107
                                                  GAB — YOR - 10/30/2000

JAMES DENSMORE,                                  ~~DONALD L. GA~~HT
                                                       LAW L~~
         Plaintiff
                                                      NOV 2 2000

         v.                      JUDGEMENT


ROBERT C. BERRY,

         Defendant


By complaint dated December 8, 1999, Mr. Densmore claimed that Mr. Berry

both obstructed and damaged a right-of-way from Owls Nest Road to his property in

Shapleigh, Maine. Mr. Berry was served with the complaint, in hand, by a Deputy

Sheriff on December 15, 1999.[1] He failed to answer, and a default judgement was

entered against him on July 28, 2000. A hearing on damages was held on October 30,

2000. Mr. Densmore appeared with counsel, Mr. Lenkowski; Mr. Berry appeared

without counsel.[2]

---

[1] There was some suggestion that Mr. Berry was not served with the complaint. However, the return of service by an appropriate officer, here a long-standing member of the sheriff's department, is accorded a presumption of regularity. *Foley v. Adams*, 638 A.2d 718 (Me. 1994).

[2] The case was set for hearing at 9:00 a.m. Plaintiff, along with counsel and a witness were present and a hearing on damages went forward. Before the hearing began, Ms. Perry, a friend of the defendant, stated that Mr. Berry had not received adequate notice of the hearing and was at work. I offered to delay the hearing until later in the morning so she could call Mr. Berry and advise him of the hearing. At first, Ms. Perry indicated that it was unlikely Mr. Berry would be available. Later, she indicated a desire to call Mr. Berry. He arrived at 10:00 a.m. and the entire hearing was held again in his presence.

The Default Judgement ordered Mr. Berry to cease any attempts to obstruct the right-of-way and determined his liability for damaging it. The hearing on October 30, 2000 was for determination of an award of compensatory damages.

Following hearing, I find and conclude that approximately 800-feet of gravel roadway, along with several culverts, needs repair. Based on the testimony of Mr. Stewart, an experienced excavating contractor, I find and conclude that the cost of the road repairs will be $12,040. Thus, the entry will be as follows:

> On Mr. Densmore's complaint for compensatory damages, judgement for Mr. Densmore in the sum of $12,040. along with interest and costs.

The clerk may incorporate this order in the docket by reference.

Dated: October 30, 2000

G. Arthur Brennan
Justice, Superior Court

Plaintiff:
Joseph Lenkowski, Esq.
SCACCIA LENKOWSKI AND ARANSON
PO Box 929
Sanford Me 04073-0929

DEFENDANT: ROBERT C. BERRY
Defaulted
Owl's Nest Road
Shapleigh Me 04076