2008 ME 72

**Jason D. COLE**

v.

**Cheri A. CUSHMAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 28, 2008.

Decided: April 29, 2008.

Ferdinand A. Slater, Esq., Ellsworth, ME, for Cheri Cushman.

Jason Cole did not file a brief.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1]   Cheri A. Cushman appeals from a judgment entered in the District Court (Ellsworth, *Staples, J.*) relinquishing jurisdiction to an Alabama court with respect to child custody matters in dispute between her and Jason D. Cole concerning their son.   Cushman argues that (1) the court improperly ceded jurisdiction, and (2) she was denied due process when the court ordered jurisdiction ceded to Alabama without giving her an opportunity to present facts and legal arguments as required by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 19–A M.R.S. § 1740(2) (2007).[1]   We agree and vacate the judgment.

## I.  BACKGROUND

[¶ 2]   The District Court (Bar Harbor, *Staples, J.*) entered a child custody order in 2000, providing that the child's primary residence is with Cushman, who lives in Maine, and that he is to visit Cole, who lives in Alabama, each July and at other specified times.   Since then, the court has issued numerous judgments in this case.

[¶ 3]   On June 12, 2006, Cushman filed a motion in District Court to enforce the child custody order, as subsequently amended, alleging that Cole refused to allow her to see their son or to allow him to return to Maine following his July 2005 visit to Alabama.   Cole filed a motion in District Court dated March 6, 2007, requesting a change of venue to Alabama and asserting that he had filed a custody action in Alabama.   On March 12, 2007, the District Court (Ellsworth, *Staples, J.*) ordered that the parties file certified copies of the custody action in Alabama within twenty-one days so that jurisdiction could be resolved and that, otherwise, a hearing on pending motions would be held the following July.  The court denied Cole's first motion to change venue.   Cole filed another motion for change of venue on April 3, 2007.   The court denied the second motion because Cole had failed to provide the requested documents.

[¶ 4]   On April 17, 2007, the District Court received a letter, purportedly from a judge in Mobile County Juvenile Court, stating that a custody case involving the child was set for hearing by order of the court in Alabama and indicating that Alabama was assuming jurisdiction in the case.   A copy of the custody petition Cole filed in Alabama and other documents were enclosed, though they do not appear to be properly certified as requested by the court.   The District Court subsequently ceded jurisdiction as to all pending motions before the court to the Mobile Coun-

---

1.   Cushman also argues that the court erred when it made findings of fact based on a letter with enclosures sent to the court, apparently from a judge in Alabama, that had not been properly authenticated or admitted into evidence.   Because we vacate the court's decision on other grounds, we need not reach this issue.   In any event, we note that it is unlikely that, on remand, the court will rely on the letter and enclosures because they do not contain sufficient information relevant to the court's decision whether to cede its continuing exclusive jurisdiction and because the authenticity of the letter and enclosures is in question.

ty Juvenile Court, pursuant to "provisions of [the UCCJEA, 19–A M.R.S. §§ 1731–1783 (2007) ]" and the letter "from the Mobile County Juvenile Court...." The court dismissed Cushman's June 12, 2006, motion to enforce.

[¶ 5] Cushman filed a motion to set aside the order ceding jurisdiction. The court denied the motion, having concluded that Alabama is "the appropriate venue to determine custody and/or parent child contact" based on its findings that the court "received a letter from the Judge of Mobile County Juvenile Court inclosing a copy of the pleadings in that Court together with a statement that the Court had assumed jurisdiction," and that Alabama is now the child's home state. Cushman appeals the court's judgment.[2]

## II. DISCUSSION

■ [¶ 6] Jurisdictional questions regarding determinations of child custody are controlled by both the UCCJEA, 19–A M.R.S. §§ 1731–1783, and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.S. § 1738A (2003). *See Barclay v. Eckert*, 2000 ME 10, ¶ 8, 743 A.2d 1259, 1262. In the event of conflict, the PKPA preempts the UCCJEA. *See id.* Otherwise, the statutes are considered in conjunction with one another. *See id.*

[¶ 7] We vacate the District Court's judgment relinquishing jurisdiction for the following reasons.

### A. The District Court Relinquished Its Exclusive Jurisdiction on Improper Grounds

■ [¶ 8] Cushman implicitly argues that the court erred when it ceded jurisdiction to Alabama, explicitly arguing, among other things, that the court erred in finding that Alabama is now the child's home state and that Maine has original and continuing exclusive jurisdiction in this matter pursuant to the PKPA and the UCCJEA.[3] We review the application and interpretation of a statute de novo. *Oppenheim v. Hutchinson*, 2007 ME 73, ¶ 7, 926 A.2d 177, 180; *Tisdale v. Rawson*, 2003 ME 68, ¶ 22, 822 A.2d 1136, 1142.

■ [¶ 9] As an initial matter, it is undisputed that Maine has exclusive, continuing jurisdiction over custody matters in this case. The PKPA provides for the continuing jurisdiction of the state court that initially issues child custody orders, stating:

> The jurisdiction of a court of a State which has made a child custody or visitation determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section [requiring that the State have jurisdiction under its own laws] continues to be met and such State remains the residence of the child or of any contestant.

28 U.S.C.S. § 1738A(d); *see Shanoski v. Miller*, 2001 ME 139, ¶ 13, 780 A.2d 275, 278; *Barclay*, 2000 ME 10, ¶ 9, 743 A.2d at 1262. These requirements are all met in this case.[4] As a result, a court of another

2. The Juvenile Court of Mobile County, Alabama subsequently issued an order stating that "jurisdiction was forwarded to this Court from the State of Maine, by Order of District Court from Ellsworth ... Order dated April 17, 2007," and that "[t]his Court has accepted jurisdiction over the case and set the matter for hearing," but that all proceedings would be held in abeyance pending receipt of a certified copy of this decision.

3. Cushman also argues that Cole used delay and misrepresentation to postpone the hearing on Cushman's June 12, 2007, motion to enforce and that Cole has filed an altered copy of an official document with the court.

4. In this case, it is undisputed that a Maine court made a determination with respect to the initial custody order consistent with the provisions of the PKPA, Maine continues to

state may not modify Maine's custody or visitation determination in this case unless and until the Maine court has declined to exercise its jurisdiction to modify such determination. 28 U.S.C.S. § 1738A(f), (h); *see also* 19–A M.R.S. § 1746(1). The issue, then, is whether Maine properly declined to exercise its continuing exclusive jurisdiction. *See Shanoski,* 2001 ME 139, ¶ 15, 780 A.2d at 278–79; 28 U.S.C.S. § 1738A(f)(2), (h); 19–A M.R.S. § 1751.

[¶ 10] Pursuant to the UCCJEA, a Maine court "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum."[5] 19–A M.R.S. § 1751(1). "Before determining whether it is an inconvenient forum," the Maine court "shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose,

the court shall allow the parties to submit information and shall consider all relevant factors, including" the eight factors provided in section 1751(2) of the UCCJEA.[6] 19–A M.R.S. § 1751(2). "We review a decision to decline to exercise jurisdiction for reason of inconvenient forum for abuse of discretion." *Shanoski,* 2001 ME 139, ¶ 16, 780 A.2d at 279.

■ [¶ 11] Assuming the court in this case intended to decline to exercise its jurisdiction based on a theory of inconvenient forum, we conclude that it misapplied section 1751 and thus abused its discretion in relinquishing jurisdiction. The court based its decision to relinquish jurisdiction on its determination that Alabama is "the appropriate venue to determine custody and/or parent child contact" because (1) the child's home state is now Alabama, and (2) the court in Alabama had assumed

---

have jurisdiction under the laws of Maine, and Maine continues to be the state of residence of one of the contestants. *See* 28 U.S.C.S. § 1738A(d) (2003); 19–A M.R.S. § 1746(1) (2007).

We have applied 28 U.S.C.S. § 1738A(d), stating that "once Maine properly assumes jurisdiction of the custody determination, it retains jurisdiction as long as one parent continues to reside here and the [child's] contact with Maine continues to be more than slight." *Barclay v. Eckert,* 2000 ME 10, ¶ 10, 743 A.2d 1259, 1262. There is no statutory basis in the PKPA or UCCJEA, however, for the requirement that the child's contact with Maine continues to be more than slight. Regardless, the child's contacts with Maine in this case are more than slight, notwithstanding the period of time he has lived in Alabama. *See, e.g., id.* ¶ 11, 743 A.2d at 1263.

5. The UCCJEA provides one additional situation in which a Maine court shall decline to exercise its jurisdiction—if the court has jurisdiction "because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct," unless certain factors are present. 19–A M.R.S. § 1752(1) (2007). This provision does not apply in this case.

6. The eight factors listed in 19–A M.R.S. § 1751(2) (2007) are:

  **A.** Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

  **B.** The length of time the child has resided outside this State;

  **C.** The distance between the court in this State and the court in the state that would assume jurisdiction;

  **D.** The relative financial circumstances of the parties;

  **E.** Any agreement of the parties as to which state should assume jurisdiction;

  **F.** The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

  **G.** The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

  **H.** The familiarity of the court of each state with the facts and issues in the pending litigation.

jurisdiction, according to a letter the court received from Alabama. These are improper grounds for relinquishing jurisdiction in this matter.

■ [¶ 12] First, although a determination as to a child's "home state" is required under the PKPA when determining which state court should assume *initial* jurisdiction for the purpose of making child custody determinations, this analysis does not apply to a court's decision to *retain* jurisdiction. *See* 28 U.S.C.S. § 1738A(c)(2)(A); *Barclay*, 2000 ME 10, ¶¶ 10 n. 4, 11 n. 5, 743 A.2d at 1262–63 (stating that "the 'home state' preference only applies to initial custody determinations").

[¶ 13] Second, pursuant to the PKPA, 28 U.S.C.S. § 1738A(f) and (h), the court in Alabama may assume jurisdiction only if the court in Maine first declines jurisdiction for inconvenient forum; the Maine District Court does not cede its exclusive jurisdiction in response to Alabama's purported assumption of jurisdiction. *See also* 19–A M.R.S. §§ 1746, 1751. The court erred when it relinquished jurisdiction based, even in part, on Alabama's claiming to have "assumed jurisdiction."

[¶ 14] The court was instead required to consider, in addition to any other relevant factors, the eight factors provided in section 1751(2) of the UCCJEA. With the possible exception of "[t]he length of time the child has resided outside this State," 19–A M.R.S. § 1751(2)(B), the court did not consider any of these factors. Furthermore, there is no indication that the court allowed the parties to sub-

mit information, as required by section 1751(2), before determining whether Maine is an inconvenient forum or whether it is appropriate for Alabama to exercise jurisdiction.[7] Because the court failed to apply section 1751 as statutorily required and based its decision on improper considerations, the court erred in ceding its jurisdiction in this matter.

B. The Court Failed to Allow the Parties to Submit Facts and Argument with Respect to Its Communication with Alabama

[¶ 15] Cushman also argues that the court denied her due process when it relinquished jurisdiction to Alabama without allowing her to offer facts and argument, as required by the UCCJEA, 19–A M.R.S. § 1740(2).

■ [¶ 16] A Maine court is permitted, even encouraged, by the UCCJEA to communicate with another court in order to make determinations concerning jurisdiction. *See* 19–A M.R.S. § 1740. A Maine court has the discretion to allow the parties to participate in such a communication, but "[i]f the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made." 19–A M.R.S. § 1740(2). Except as otherwise provided, a record must be made of the communication, the parties must be informed promptly of the communication, and they must be granted access to the record. *Id.* § 1740(4).

[¶ 17] The District Court did not observe these requirements when it received,

---

7. In fact, it is unlikely that Cushman was on notice that jurisdiction was in dispute because the court had denied both of Cole's motions to change venue, and the twenty-one-day dead-line set by the court for the parties to file certified copies of court actions in Alabama had expired.

and relied upon, the letter from the Alabama court. We therefore further conclude that the District Court erred when it relinquished jurisdiction without complying with 19–A M.R.S. § 1740(2).[8]

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.

---

8.   We encourage the court, on remand, to engage in a two-way communication with the court in Alabama before reaching a decision on the issue of jurisdiction. *See, e.g., Campbell v. Martin,* 2002 ME 112, ¶ 4, 802 A.2d 395, 396–97 (noting an interstate telephone conference conducted in accordance with 19– A M.R.S. § 1740 (2007)); *Shanoski v. Miller,* 2001 ME 139, ¶ 7, 780 A.2d 275, 277 (noting the interjurisdictional exchange of letters); *Alley v. Parker,* 1998 ME 33, ¶ 3, 707 A.2d 77, 78 (noting a telephone conference between judges in both states concerning a child custody issue).