MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2018 ME 48
Docket:      Aro-17-330
Submitted
  On Briefs:  January 11, 2018
Decided:     April 5, 2018

Panel:       ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

ERIC N. FITZPATRICK

v.

ARLENE MCCRARY

JABAR, J.

[¶1]  Eric N. Fitzpatrick appeals from a judgment entered by the District Court (Houlton, *O'Mara, J.*) denying his M.R. Civ. P. 60(b) motion for relief from judgment after the court granted Arlene McCrary's motion to modify a parental rights and responsibilities order regarding their son.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  Fitzpatrick and McCrary are the parents of a child, born June 15, 2013.  In November 2013, Fitzpatrick filed a complaint seeking a determination of parental rights and responsibilities.  The District Court (*Daigle, J.*) entered a judgment and ordered shared parental rights with primary residence awarded to McCrary.  Several years later, on January 28,

2016, the District Court (*Soucy, J.*) granted Fitzpatrick's subsequent motion to modify after the parties agreed to an order changing primary residence from McCrary to Fitzpatrick.

[¶3]  On April 14, 2016, McCrary filed a motion for contempt against Fitzpatrick, alleging that Fitzpatrick failed to comply with the modified parental rights and responsibilities order.  Twelve days later, on April 26, 2016—while that motion was "out" for service—Fitzpatrick filed a complaint in the Court of Common Pleas of Luzerne County, Pennsylvania, seeking an order to confirm that he had legal custody of the child.[1]  Less than two months later, on June 24, 2016, before her contempt motion was served on Fitzpatrick, McCrary filed a motion to modify the parental rights and responsibilities order in the District Court in Houlton.  On August 3, 2016, the Pennsylvania Court of Common Pleas entered an "interim order" that purported to "supersede[] all prior Orders in any jurisdiction" and provided that "[j]urisdiction of this matter . . . and the child shall remain with [the Pennsylvania Court] until further Order of Court."

[¶4]  After he was finally served with McCrary's motions early in August, Fitzpatrick filed a motion to dismiss McCrary's motion to modify in

---

[1] In his M.R. Civ. P. 60(b) motion for relief from the Houlton District Court judgment, Fitzpatrick alleged that he had been living with the child in Pennsylvania since October 23, 2015.

the District Court in Houlton, arguing that Maine lacked subject matter jurisdiction over the matter because "the Pennsylvania court has assumed full jurisdiction over the matter, [and] superseded the Order of the State of Maine." Fitzpatrick's motion to dismiss contained factual assertions—without any accompanying affidavits—and legal arguments. After a pretrial/status conference on the issue of jurisdiction, the court (*O'Mara, J.*) denied that motion, determining, in relevant part, that

> once "Home State" jurisdiction is established, no other state may simply "assume full jurisdiction" such that its orders "supersede" orders of the "Home State," unless the parties and the child have all left the "Home State." Here, while [Fitzpatrick] and the child have moved to Pennsylvania, [there] is not even an allegation that [McCrary] no longer lives in Maine, or has left this immediate area.

Fitzpatrick filed a motion to reconsider, which included further factual assertions—again, without any accompanying affidavits—and legal arguments. The court denied that motion in an order dated February 21, 2017. On the same date, following a hearing where Fitzpatrick failed to appear, the court granted McCrary's motion to modify, awarding her primary residence of the child.[2]

---

[2] The court found that although McCrary had agreed to the January 28, 2016, order changing primary residence from herself to Fitzpatrick "[d]ue to problems maintaining her sobriety," she was "now . . . sober in excess of nine months," and had "maintained steady employment, maintained her own home, and maintained her sobriety . . . despite challenges including the death of her father and

4

[¶5]  Several weeks later, on March 8, 2017, the court had a telephone conference with the Pennsylvania Court of Common Pleas judge who had issued the "interim order" in August 2016, regarding home state jurisdiction. As a result of that conference, the Pennsylvania court entered an order "relinquish[ing] jurisdiction of this case and find[ing] that jurisdiction lies with the Maine District Court."

[¶6]  On April 3, 2017, Fitzpatrick filed in the Maine District Court a motion for relief from judgment and requested a hearing regarding that motion.  *See* M.R. Civ. P. 60(b)(4).  The court denied that motion on June 7, 2017.  Fitzpatrick then filed a motion for findings of fact, which the court denied.  *See* M.R. Civ. P. 52(b).  This appeal followed.  *See* 14 M.R.S. § 1901(1) (2017); M.R. App. P. 2(b)(3) (Tower 2016.))[3]

## II.  DISCUSSION

[¶7]  On appeal, Fitzpatrick argues that the court erred in denying his M.R. Civ. P. 60(b)(4) motion because, after Pennsylvania assumed jurisdiction over the child custody matter, Maine necessarily lost jurisdiction over that

lack of meaningful contact with [the child]."  Furthermore, the court found that McCrary had "encountered great difficulty seeing [the child], or even learning about [the child], due to [Fitzpatrick's] actions," and that "[d]espite traveling to Pennsylvania, [McCrary] has seen [the child] only twice in 18 months."

[3]  The restyled Maine Rules of Appellate Procedure do not apply because this appeal was filed before September 1, 2017.  *See* M.R. App. P. 1 (restyled Rules).

matter. Fitzpatrick also contends that the court erred, pursuant to 19-A M.R.S. § 1740, by not allowing him to "present facts and legal arguments [to the court] before a decision on jurisdiction was made." We address each of these arguments in turn.

A.    Jurisdiction

[¶8]  "A Maine trial court's ruling on a Rule 60(b) motion is ordinarily subject to the deferential abuse of discretion standard on appeal." *Reliable Copy Serv., Inc. v. Liberty*, 2011 ME 127, ¶ 8, 32 A.3d 1041. However, that standard differs when "a party seeking relief from a judgment alleges a jurisdictional defect . . . pursuant to M.R. Civ. P. 60(b)(4) that would render the judgment void." *Id.* Thus, "[i]f the judgment is void, there is no room for the court to exercise discretion—the judgment must be set aside." *Id.* (alteration omitted) (quotation marks omitted).

[¶9]  Jurisdictional questions regarding determinations of parental custody are governed by both the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 19-A M.R.S. §§ 1731-1783 (2017), and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.S. § 1738A (LEXIS through Pub. L. No. 115-137). *Barclay v. Eckert*, 2000 ME 10, ¶ 8, 743 A.2d 1259. In the event of a conflict, the PKPA preempts the UCCJEA. *Id.*

6

"Otherwise, the statutes are considered in conjunction with one another."

*Cole v. Cushman*, 2008 ME 72, ¶ 6, 946 A.2d 430.

[¶10]   The PKPA provides for the continuing jurisdiction of the state that initially enters a child custody order:

> The jurisdiction of a court of a State which has made a child custody or visitation determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section [requiring that the State have jurisdiction under its own laws] continues to be met and such State remains the residence of the child or of any contestant.

28 U.S.C.S. § 1738A(d).   Pursuant to the UCCJEA, Maine has initial child custody jurisdiction if it is

> the home state of the child on the date of the commencement of the proceeding or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from [Maine] but a parent or person acting as a parent continues to live in [Maine].

19-A M.R.S. § 1745(1)(A).  Maine has "exclusive, continuing jurisdiction" over a child custody order pursuant to 19-A M.R.S. § 1746(1)(A), (B), which states, in relevant,

> **1.   Exclusive, continuing jurisdiction.** Except as otherwise provided in section 1748, a court of this State that has made a child custody determination consistent with section 1745 or 1747 has exclusive, continuing jurisdiction over the determination until:

**A.** A court of this State determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training and personal relationships; or

**B.** A court of this State or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this State.

[¶11]  Pursuant to the above-cited statutes, Maine maintains jurisdiction over a custody matter as long as (1) it had initial child custody jurisdiction; (2) it remains the residence of the child or any contestant; and (3) a court has not made any of the determinations provided in 19-A M.R.S. § 1746(1)(A) or (B).  28 U.S.C.S. § 1738A(d); 19-A M.R.S. §§ 1745, 1746.

[¶12]  Here, Fitzpatrick does not dispute that Maine had initial child custody jurisdiction.  However, he argues that the Pennsylvania court "implicit[ly]" determined, pursuant to 19-A M.R.S. § 1746(1)(B), that McCrary no longer lived in Maine.

[¶13]  This argument is without merit.  In its interim order, the Pennsylvania Court of Common Pleas did not acknowledge McCrary's state of residence, let alone make a finding that she no longer resided in Maine. Moreover, in his complaint to confirm custody, Fitzpatrick *twice* averred that

McCrary lived in Houlton, Maine. Accordingly, even assuming the Pennsylvania court could make such an "implicit finding,"[4] there is no competent record evidence to support that finding. For this reason, Maine maintained exclusive, continuing jurisdiction over the child custody matter pursuant to 19-A M.R.S. § 1746(1), and the court therefore did not err in denying Fitzpatrick's Rule 60(b) motion.

B.     Communication Between Courts

[¶14]  Fitzpatrick next argues that, pursuant to 19-A M.R.S. § 1740, the court erred by not permitting him to "present facts and legal arguments before a decision on jurisdiction was made." Because Fitzpatrick's argument here is not jurisdictional, the court's handling of its communication with the Pennsylvania court is reviewed for an abuse of discretion. *See Town of Wiscasset v. Mason Station, LLC*, 2015 ME 59, ¶ 6, 116 A.3d 458. However, we review the interpretation of the UCCJEA de novo. *Cole*, 2008 ME 72, ¶ 8, 946 A.2d 430.

[¶15]   Section 1740(1) provides, "A court of this State *may* communicate with a court in another state concerning a proceeding arising

---

[4]   Because one of the UCCJEA's purposes was to "enunciate[] a standard of continuing jurisdiction and clarif[y] modification jurisdiction," L.D. 432, Prefatory Note (119th Legis. 1999), we express deep apprehension at the notion that a court, pursuant to the UCCJEA, could assume jurisdiction by making an implicit finding on such an important issue as a parent's state of residence.

under this chapter." 19-A M.R.S. § 1740(1) (emphasis added). Section 1740(2) then provides that "[t]he [Maine] court *may* allow the parties to participate in the communication. If the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made." 19-A M.R.S. § 1740(2) (emphasis added).

[¶16] The Legislature's use of "may" rather than "shall" in sections 1740(1) and (2) is significant. *See Lopez v. Davis*, 531 U.S. 230, 240 (2001). "In general, the word 'may,' used in statutes, will be given ordinary meaning, unless it would manifestly defeat the object of the statute, and when used in a statute is permissive, discretionary, and not mandatory." *Collins v. State*, 161 Me. 445, 449, 213 A.2d 835 (1965) (quotation marks omitted). Accordingly, because the word "may" in sections 1740(1) and (2) is permissive rather than mandatory, we conclude that it is left to the trial court's sound discretion both whether to communicate with a court from another state and whether to allow parties to participate in that communication.

[¶17] Our construction of section 1740 is bolstered by the Legislature's language in the second sentence of section 1740(2), which provides, "If the

parties are not able to participate in the communication, they *must* be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made." 19-A M.R.S. § 1740(2) (emphasis added). In contrast to the permissive language contained in section 1740(1) and in the first sentence of section 1740(2), the Legislature's use of the mandatory verb "must" plainly provides that *if* the court allows the parties to participate in its communication with an out-of-state court—but the parties are not able to participate in that conversation—the court is then *required* to provide those parties an opportunity to present facts and legal arguments before a decision on jurisdiction is made.

[¶18] Here, consistent with the plain language of section 1740(2), the court exercised its discretion and declined to allow the parties to participate in its communication with the Pennsylvania court. Having done so, the court was not then required to give Fitzpatrick an opportunity to present facts and legal arguments regarding jurisdiction before a decision on that issue was made.[5] Accordingly, because the court acted within the confines of section 1740(2), and because Fitzpatrick had already presented facts and legal

---

[5] The better practice may have been, before making a decision regarding jurisdiction, to communicate with the out-of-state court and allow the parties to present facts and arguments on that issue. However, 19-A M.R.S. § 1740 (2017) does not require the court to do so.

arguments regarding jurisdiction on two occasions—first in his motion to dismiss and then in his motion to reconsider—we cannot say that the court abused its discretion in denying Fitzpatrick a third opportunity to address the matter.

The entry is:

Judgment affirmed.

---

James M. Dunleavy, Esq., Currier & Trask, P.A., Presque Isle, for appellant Eric N. Fitzpatrick

Arlene McCrary, appellee pro se

Houlton District Court docket number FM-2013-121
FOR CLERK REFERENCE ONLY