MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2021 ME 5
Docket:       Yor-20-195
Argued:       December 9, 2020
Decided:      January 26, 2021

Panel:        MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

## GUARDIANSHIP BY JOSEPH W. et al.

GORMAN, J.

[¶1]  The mother of a sixteen-year-old minor appeals from a "consent order" entered by the York County Probate Court (*Houde*, *J.*).  In that order, which was apparently issued as an adjudication of an emergency motion for the appointment of a guardian and a petition for guardianship filed by the minor's paternal grandparents, the court ordered that the minor—who had been residing with his mother and his siblings in Mississippi for over a year—would start living with his grandparents in Maine one week after the order was issued. Because the court did not have the authority to act on the motion and petition, we vacate the court's order and remand for dismissal of the petitions.

### I.  BACKGROUND

[¶2]  On May 26, 2020, Joseph and Cynthia W. (the grandparents) petitioned the Cumberland County Probate Court for full guardianship of their sixteen-year-old grandson, *see* 18-C M.R.S. § 5-204 (2020), and also separately

moved for appointment as guardians on an emergency basis, *see* 18-C M.R.S. § 5-204(4). In an affidavit attached to the motion for appointment of a guardian on an emergency basis, the grandparents alleged that the minor had lived most of his life in Maine and that his father had been awarded primary residence in a judgment establishing parental rights and responsibility in 2013. The affidavit also stated that the minor had been residing in Mississippi with his mother since May of 2019. The grandparents further alleged that the minor was unhappy in Mississippi, that the mother had not enrolled him in school, and that the minor desired to move back to Maine and live with his grandparents or father.

[¶3] Because of a conflict of interest, the Cumberland County Probate Court (*Aranson, J.*), transferred the matter to the York County Probate Court. In an order dated May 29, 2020, the York County Probate Court (*Houde, J.*) declined to make an ex-parte appointment of the grandparents as guardians on an emergency basis and scheduled a hearing on the motion for June 2, 2020.

[¶4] On June 2 and June 11, 2020, the mother, the minor, and the grandparents' attorney met with the court via videoconference. In addition, the record reflects that there were a series of meetings not involving the judge,

called "work-out conferences."[1]  Each time the mother had an opportunity to address the court during those meetings, she expressed her discomfort with the proceedings and her lack of understanding as to what exactly the grandparents were requesting from the court.  The mother also made repeated requests to the court for an attorney.  Although on June 4, 2020, the mother completed an indigency affidavit that demonstrated her entitlement to appointed counsel, the court never appointed an attorney to represent her.  *See* 18-C M.R.S. § 5-205(4) (2020).

[¶5]  At the final videoconference with the court, on June 11, 2020, the grandparents' attorney recited what he called "the consent agreement," and the parties eventually stated that they consented to what had been recited.  At no time, however, did the court obtain the mother's written consent as required by 18-C M.R.S. § 5-205(6) (2020).  On June 12, 2020, the court issued a document entitled "Consent Order," which adopted the terms of the recited agreement.  Nowhere in that order does the court grant or deny either the motion for the appointment of a guardian on an emergency basis or the petition for guardianship.  In fact, the order provides that "[t]he Petition for Guardianship shall be continued."

---

[1]  At oral argument, we learned that a "work-out conference" refers to an unrecorded videoconference involving the parties.

[¶6]  On June 17, 2020, the mother—after obtaining an attorney—filed an emergency motion to vacate the consent order, an opposition to the guardianship request, and a motion to dismiss.  The mother asserted that the court lacked jurisdiction over the case, that the court's denial of her right to counsel was a statutory violation that affected her constitutional right to the care and custody of her child, that her consent to the guardianship was not voluntary, and that the court failed to make the necessary findings to support the appointment of the grandparents as the guardians on an emergency basis pursuant to 18-C M.R.S. § 5-204(4).  On that same day, the court held a videoconference nontestimonial hearing on the mother's motion.  On June 18, 2020, the court denied the motion, addressing only the mother's arguments concerning her right to counsel and the voluntariness of her consent.  The mother timely appeals.  *See* 18-C M.R.S. § 1-308 (2020); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶7]  Title 18-C M.R.S. § 5-104(1) (2020) provides:

Except to the extent that jurisdiction is precluded by the Uniform Child Custody Jurisdiction and Enforcement Act and Title 4, section 152, subsection 5-A, the court has jurisdiction over a guardianship *for a minor domiciled or present in this State*.  The court has jurisdiction over a conservatorship or protective arrangement instead of conservatorship for a minor domiciled in or having property located in this State.

(Emphasis added.) The petitions filed in this case unequivocally state that the minor had been living in Mississippi for nearly a year. Based on the plain language of the statute, the court did not have authority to grant the relief requested by the grandparents and it should have granted the mother's motion to dismiss.[2]

[¶8] We vacate the Probate Court's order and remand for it to dismiss the grandparents' motion and petition. In doing so, we recognize that the minor is now in Maine; that the only existing order establishing parental rights and responsibilities concerning this minor is the 2013 order granting the father the right to provide the minor's primary residence; and that the father's apparent preference for the minor is his current placement in Maine. Thus, our decision will not have any immediate effect on the child's primary residence.

[¶9] Nonetheless, because it is likely that there will be further litigation, we take this opportunity to address several issues presented by this case. First,

---

[2] The grandparents direct our attention to *Barclay v. Eckert*, 2000 ME 10, 743 A.2d 1259, and *Fitzpatrick v. McCrary*, 2018 ME 48, 182 A.3d 737, in support of their argument that the court properly exercised jurisdiction over the motion and petition. Both of those cases are distinguishable because they did not involve guardianship petitions in the Probate Court, but rather involved questions concerning whether the District Court had jurisdiction to modify child custody orders originally entered in the District Court. *Barclay,* 2000 ME 10, ¶¶ 1, 13, 743 A.2d 1249; *Fitzpatrick,* 2018 ME 48, ¶¶ 1, 12, 182 A.2d 737.

6

it does not appear that the court's order actually established a guardianship.[3] Maine's Probate Courts may grant three different types of guardianships of minors: (1) a full guardianship pursuant to 18-C M.R.S. § 5-204(2); (2) a guardianship on an emergency basis pursuant to 18-C M.R.S. § 5-204(4)(A)-(B); and (3) a temporary guardianship pursuant to 18-C M.R.S. § 5-205(8) (2020). The York County Probate Court's consent order does not make the findings required to support the appointment of any of these three types of guardianships, *see* 18-C M.R.S. §§ 5-204(2), (4), 5-205(2), (8) (2020), and the order specifically provides that "[t]he Petition for Guardianship shall be continued." As such, the order issued by the court does not "match" any of the permissible types of guardianships.

[¶10] Second, to the extent that the order purported to create a guardianship based on parental consent, the court did not comply with the statutory requirements for ensuring that a parent's consent is knowing and voluntary:

> If the petition for guardianship is filed by or with the consent of a parent, the petition must include a consent signed by the parent verifying that the parent understands the nature of the guardianship and knowingly and voluntarily consents to the

---

[3] The parties disagree on the type of guardianship created by the court's "consent order." The mother contends that the consent order created a guardianship on an emergency basis, *see* 18-C M.R.S. § 5-204(4) (2020), but the grandparents contend that the consent order created a temporary guardianship, *see* 18-C M.R.S. § 5-205(8) (2020).

guardianship.  *If a parent informs the court after the petition has been filed that the parent wishes to consent to the guardianship, the court shall require the parent to sign the consent form at that time. The consent required by this section must be on a court form or substantially similar document.*

18-C M.R.S. § 5-205(6) (emphasis added).  Even if the court intended to create a temporary guardianship, the requirement for a signed consent form applies. Title 18-C M.R.S. § 5-205(8) requires that any interim order filed by the court "must meet the requirements of section 5-204 and [5-205]."  *See State v. Mourino,* 2014 ME 131, ¶ 8, 104 A.3d 893 (stating that "[i]f the statutory language is clear and unambiguous, we construe the statute in accordance with its plain meaning in the context of the whole statutory scheme" (quotation marks omitted)).

[¶11]  In determining whether parents are consenting to the extraordinary delegation of rights that guardianships represent, courts are required to follow section 5-205(6).  By using the form and engaging in an on-the-record formal inquiry, the court will have fulfilled its obligation to ensure that a parent's decision to consent to the guardianship is knowingly and voluntarily given.

[¶12]  Finally, acquiring information and handling cases during the COVID-19 pandemic has created and is continuing to create great challenges for

courts. Recognizing that having all parties represented by counsel can significantly improve the process and the outcome of cases, we suggest that, in those cases where counsel can be assigned, courts ensure that their processes for the assignment of counsel are streamlined to accommodate the additional barriers caused by the pandemic.

The entry is:

> Judgment vacated. Remanded for dismissal of guardianship petitions.

---

Angela Thibodeau, Esq. (orally), and Mary Ann Letourneau, Esq., Holmes Legal Group, LLC, Wells, for appellant mother

Neil D. Jamieson, Jr., Esq. (orally), Prescott Jamieson Murphy Law Group, LLC, Saco, for appellees Joseph and Cynthia W.

York County Probate Court docket number 2020-0359
For Clerk Reference Only