STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-50

MANON COTE, et al.,

      Plaintiffs

v.

ORDER

GARY'S OLDE TOWN TAVERN, INC., et al.,

      Defendants

**Plaintiffs-Gene Libby, Esq.
and Tyler Smith, Esq.
Defendants-Stephean Chute, Esq.**

Before the court are a flurry of motions in the above captioned case: (1) plaintiffs Manon Cote and Sylvain Theriault's second motion for contempt; (2) plaintiffs' motion for an order pursuant to M.R.Civ.P. 70 appointing another person to execute the easement modification agreement given that defendants have failed to do so; (3) a motion by defendants Gary's Olde Town Tavern Inc., Checkpoint 70 Inc. and Gary Skellett for relief from judgment pursuant to Rule 60(b)(4); (4) a motion by defendants to stay this action; and (5) a motion by defendants to strike certain exhibits annexed to plaintiffs' opposition to defendants' Rule 60(b)(4) motion.

Defendants' Rule 60(b)(4) motion is denied. Rule 60(b)(4) is available to provide relief from a judgment that is "void." A judgment is void when the court lacked subject matter or personal jurisdiction, and in such a case the trial court does not have discretion but must set aside the judgment. *Foley v. Adam*, 638 A.2d 718, 719–20 (Me. 1994).

The judgment in this case was entered by this court on March 26, 2021 when it confirmed the October 16, 2020 arbitration award. Defendants are not arguing that this court lacked personal or subject matter jurisdiction to enter that order. Instead, they are attempting to set aside the

arbitration award on the grounds that they did not agree to arbitrate the issue decided and that the arbitrator did not have authority to enter equitable relief.

These are not issues that go to this court's subject matter or personal jurisdiction. Rather, they are arguments that defendants could have raised on a motion to vacate the arbitration award pursuant to 14 M.R.S. § 5938. Defendants did not do so, and the time in which they could have filed a motion to vacate has long expired.

The above is sufficient to defeat defendants' supposed Rule 60(b)(4) motion. Moreover, defendants' arguments would have been unavailing even if timely raised on a motion to vacate. Attached to plaintiffs' motion to confirm is an October 8, 2019 agreement between plaintiffs Cote and Theriault and defendants Gary's Olde Town Tavern, Gary Skellett, and Checkpoint 70 setting forth various agreements and contemplating a more detailed agreement. Also attached is a more detailed January 31, 2020 agreement between the same parties. Both of those provided, inter alia, for the execution of an amended easement and the placement of certain rocks to prevent the passage of vehicles onto a leach field.

The first agreement provided that if there was any failure to reach a formal settlement agreement or if there was any disagreement on settlement document language, the parties agreed that any remaining controversy or claims between them shall be settled by arbitration with Attorney Andrew Sparks. The second agreement provided that any disputes "shall be resolved through binding arbitration" with Attorney Sparks.

There were disputes over the terms of the easement and about compliance with the agreements, which led to arbitration on September 16, 2020, as set forth in the arbitration decision annexed as Exhibit C to plaintiffs' motion to confirm. That decision sets forth that the parties had agreed to the issues to be arbitrated.

2

For all the above reasons, defendants' contention that they did not agree to arbitrate the issues decided in the October 16, 2020 arbitration award is without merit.[1]

Defendants' second contention – that the arbitrator was without jurisdiction to award equitable relief because only a court could do so – fares no better. The arbitration decision resolved the dispute between the parties, but that decision has not been given the effect of a mandatory injunction. *See* this court's May 18, 2021 order on plaintiffs' first motion for contempt. Instead, the court itself entered a mandatory injunction directing defendants to execute the easement modification agreement, to enclose their dumpster, and to place the rocks as required by the arbitration award. *See* May 18, 2021 order directing compliance with arbitration award. The court had jurisdiction to enter that order in furtherance of its express authority under 14 M.R.S. § 5940 to enforce orders confirming arbitration awards.

There is also no basis on which to grant defendants' motion for a stay. Remaining to be decided are plaintiffs' verified second motion for contempt and plaintiffs' motion pursuant to Rule 70 for an order appointing another person to execute the easement modification agreement in light of defendants' failure to comply with the court's May 18 order .

With respect to the first of those motions, the court will set a date for a contempt hearing and shall issue a subpoena to plaintiffs for service on defendants pursuant to M.R.Civ.P. 66(d)(2)(B). With respect to the second of those motions, there is no dispute that defendants have not executed the easement modification agreement and the court will therefore grant plaintiffs' motion. See accompanying order.

---

[1] Based on the two agreements in the file, the court does not have to consider the exhibits attached to plaintiff's opposition to defendants' Rule 60(b)(4) motion, and defendants' motion to strike those exhibits is dismissed as moot.

3

The entry shall be:

1. On plaintiffs' verified second motion for contempt, the court shall schedule a hearing and order that a contempt subpoena be served on defendants pursuant to Rule 66(d)(2)(B).

2. Plaintiffs' motion for an order pursuant to M.R.Civ.P. 70 appointing another person to execute the easement modification agreement is granted as set forth in the accompanying order.

3. Defendants' Rule 60(b)(4) motion for relief from judgment is denied.

4. Defendants' motion for a stay is denied.

5. Defendants' motion to strike certain exhibits is dismissed as moot.

6. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September 7, 2021

_____
Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 09/09/21

Mc

4

State of Maine                    Superior Court
Cumberland, ss                    Location: Portland
                                  Docket No. CV-21-50

MANON COTE and SYLVAIN THERIAULT,

          Plaintiffs              Order on Plaintiffs' Motion to Appoint
                                  Another Person to Execute Easement
     v.                           Modification Agreement on Behalf of
                                  Defendants
GARY'S OLDE TOWNE TAVERN, INC.,
CHECKPOINT 70, INC., and GARY SKELLETT,    M.R. Civ. P. 70

          Defendants.

Upon consideration of Plaintiffs' Motion to Appoint Another Person to Execute

Easement Modification Agreement on Behalf of Defendants, together with any

opposition and reply thereto, Plaintiffs' motion is **GRANTED**.

It is hereby **ORDERED**, pursuant to Rule 70 of the Maine Rules of Civil

Procedure, that Gene R. Libby, Esq. is authorized to take all necessary action to execute

the Easement Modification Agreement ~~as previously file~~d _attached hereto_ with the Court on behalf of

Defendants Gary's Olde Towne Tavern, Inc., Checkpoint 70, Inc., and Gary Skellett, and

to then record the Easement Modification Agreement with the Cumberland County

Registry of Deeds.

This Order may be incorporated on the docket by reference pursuant to M.R. Civ.

P. 79(a).

Dated: ___7 September___          _____
                                  Justice, Superior Court
                                  **Thomas Warren**

Entered on the Docket: 09/09/21                    1

# EASEMENT MODIFICATION AGREEMENT

This EASEMENT MODIFICATION AGREEMENT is made and entered into effective as of the 25th day of June, 2020, by and between SYLVAIN F. THERIAULT and MANON L. COTE, individuals domiciled in the State of Maine with a mailing address at 198 Old Port Road, Arundel, Maine, 04046(together with their grantees, successors, heirs and assigns, "Theriault /Cote") and CHECKPOINT 70, INC., a Maine corporation with a place of business in Naples, Maine, with a mailing address at 678 Roosevelt Trail, Naples, Maine, (together with its grantees, successors, heirs and assigns, "Checkpoint") agree to modify those certain easement rights and obligations set forth in their respective deeds as set forth herein.

## WITNESSETH:

WHEREAS, Theriault/Cote jointly own certain real estate situated on the easterly side of Bay Village Road in Naples, Maine, which is more particularly described in the deed dated June 1, 2015, and recorded at the Cumberland County Registry of Deeds in Book 32321, Page 321, and expressly subject to certain easement rights expressly set forth therein (the "Theriault/Cote Property"); and

WHEREAS, Checkpoint owns certain real estate situated at 678 Roosevelt Trail, Naples, Maine, which is more particularly described in the deed dated May 9, 2017, and recorded at Cumberland County Registry of Deeds in Book 34000, Page 58, and expressly benefited by certain easement rights expressly set forth therein (the "Checkpoint Property"); and

WHEREAS, Theriault/Cote and Checkpoint desire to forever modify those express easements terms that both benefit the Checkpoint Property and burden the Theriault/Cote Property (the "Easement") over the particular land expressly described in the Easement (the "Easement Area");

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency being hereby acknowledged, Theriault/Cote and Checkpoint agree as follows:

1. **Released Easement Area.** The Easement Area shall forever exclude that certain real estate located on the Theriault/Cote Property that is illustrated and labeled as the "Released Area" on **Exhibit A**, and more particularly described by the metes and bounds set out in **Exhibit B**.

2. **Dumpster Rights.** The Easement shall forever include the right and option for Checkpoint or the Checkpoint Property to place no more than two (2) dumpsters located along the easterly boundary of the Easement Area, however any Checkpoint dumpster on the Easement Area shall be screened with a sight-blocking fence of a commercially reasonable color to be maintained by Checkpoint.

1



3. **Joinder in Agreement.** To the extent either Gary Skellett or Gary's Olde Town Tavern, Inc. have any interest in the original easement area or the easement area as herein modified as tenant or otherwise, they join this agreement to evidence their consent to convey the rights granted herein.

4. **Construction and Effect.** This Easement Modification Agreement shall run with the land of the Theriault/Cote Property and the Checkpoint Property, and shall inure to benefit and/or burden the grantees, successors, heirs, and assigns of both parties. This Agreement and shall be construed in accordance with the laws of the State of Maine.

In Witness Whereof the parties have interchangeably set their hands and seals all as of the day and date above written.

_____
Sylvain F. Theriault

STATE OF MAINE                    _____, 2021
YORK, ss.

Personally appeared the above named SYLVAIN F. THERIAULT, and acknowledged the foregoing instrument to be his free act and deed.

Before me,

_____
Notary Public/Attorney at Law

_____
Manon L. Cote

STATE OF MAINE                    _____, 2021
YORK, ss.

Personally appeared the above named MANON L. COTE, and acknowledged the foregoing instrument to be her free act and deed.

Before me,

_____
Notary Public/Attorney at Law

2

Checkpoint 70, Inc.
By Gary Skellett, Its President

STATE OF MAINE                                    _____, 2021
YORK, ss.

Personally appeared the above named GARY SKELLETT who, being by me duly sworn did say that he/she is the President of the corporation named in the foregoing instrument; and acknowledged said instrument to be the free act and deed of said corporation.

Before me,

_____
Notary Public/Attorney at Law

Gary's Olde Towne Tavern, Inc.
By Gary Skellett, Its President

STATE OF MAINE                                    _____, 2021
YORK, ss.

Personally appeared the above named GARY SKELLETT who, being by me duly sworn did say that he/she is the President of the corporation named in the foregoing instrument; and acknowledged said instrument to be the free act and deed of said corporation.

Before me,

_____
Notary Public/Attorney at Law

3

_____
Gary Skellett, Individually

STATE OF MAINE                          _____, 2021
YORK, ss.

      Personally appeared the above named GARY SKELLETT, and acknowledged the foregoing instrument to be his free act and deed.

                      Before me,


                      _____
                      Notary Public/Attorney at Law

4

EXHIBIT

A

tabbies

Legend



O    Iron Pipe Found (ipf)

▨   Existing Building

☊   Utility Pole

— — — —  Edge of Pavement

—□——□—  Stockade Fence

△   Survey Control Point

—20.3'

N75°08'00"W
243.40'

Garage

Stockade Fence (typ)

Stake Set

rebar (horiz) O

**Owner of Record**
Sylvain F. Theriault
Manon L. Cote
32321/321
Lot-2

S15°48'00"W
142.00'

43.7'

N72°52'54"W
202.27'

△

current standards
· Professional Land

0.45'  O rebar

O
3/4"
hollow

# Right of Way Location
Bay Village Road, Naples, Maine
made for
## Manon Cote
## Sylvain F. Theriault
198 Old Post Road, Arundel, Maine
June 12, 2019
by
### Stephen J. Martin, PLS
*Professional Land Surveyor*
*Gorham, Maine 04038*

Job#2

March 23, 2020

Description of Portion of Easement
Bay Village Road
Naples, Maine



EXHIBIT

B

A certain lot or parcel of land situated easterly of but not adjacent to Bay Village Road and southerly of but not adjacent to Roosevelt Trail also know as Route 302, in the Town of Naples, County of Cumberland and State of Maine, bounded and described as follows:

Beginning at a point on the southerly sideline of an existing 16' Wide Right of way, said point of beginning being S 15°46'00" W a distance of sixteen and 00/100 (16.00) feet and N 75°08'00" W a distance of eighty-three and 75/100 (83.75) feet from the most northeasterly corner of land now or formerly of Sylvain F. Theriault and Manon L. Cote as described in the Cumberland County Registry of Deeds in Book 32321, Page 321.
Thence:

1) N 75°08'00" W a distance of fifty-five and 25/100 (55.25) feet to a point.

2) N 15°46'00" E a distance of nine and 97/100 (9.97) feet to a point.

3) S 72°25'02" E a distance of seven and 78/100 (7.78) feet to a point.

4) S 21°34'58" W a distance of three and 00/100 (3.00) feet to a point.

5) S 68°25'02" E a distance of forty-eight and 00/100 (48.00) feet to a point.

6) S 14°52'00" W a distance of one and 00/100 (1.00) feet to the point of beginning.

The above described parcel of land contains 255 square feet. Bearings are based on Magnetic North 1971.

Meaning and intending to describe a portion of an existing 16' Wide Parking Easement.